UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOSE VELEZ,

               Plaintiff,

               -against-

NYPD POLICE OFFICER MICHAEL O'BRIEN,
Shield No. 22886 of the 9th Precinct, NYPD
POLICE OFFICER PAUL JURGENS, Shield No.
23820, and JOHN DOE POLICE OFFICERS 1-5,

               Defendants.
------------------------------------------------------------ x

COMPLAINT

15-cv-7441

Jury Trial Demanded

This is an action to recover money damages arising out of the violation of Plaintiff Jose Velez's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The Court's jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343.

3. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) as Plaintiff resided in the District when the incident occurred and the incident itself occurred within the District.

## JURY DEMAND

4. Mr. Velez respectfully demands a trial by jury of all issues in the matter pursuant to Federal Rule of Civil Procedure ("FRCP") 38.

## PARTIES

5. Mr. Velez is a citizen of the City of New York in New York County in the State of New York.

6. The City of New York was and is a municipal corporation duly organized

and existing under and by virtue of the laws of the State of New York.

7. The City of New York maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the City of New York.

8. That at all times hereinafter mentioned, Defendant Police Officer Michael O'Brien, Defendant Police Officer Paul Jurgens, and John Doe Police Officers 1-5 were duly sworn police officers of the NYPD and were acting under the supervision of said department and according to their official duties.

9. That at all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

10. Each and all of the acts of the Individual Defendants alleged herein were committed by said Defendants while acting within the scope of their employment by Defendant City of New York.

## FACTS

11. On or about September 22, 2012, at approximately 5:30 a.m. at 11th Street and Avenue C, Plaintiff lost control of his vehicle and struck several parked vehicles.

12. Plaintiff was seat belted at the time of the accident and his airbag deployed.

13. Defendant O'Brien, Defendant Jurgens and Doe Defendants arrived at the scene.

14. According to Defendant O'Brien himself, other Defendants and firsthand witnesses who provided statements to the NYPD, Plaintiff was unsteady and swaying.

15. Despite Plaintiff's weak state, in arresting him, Defendant O'Brien, Defendant Jurgens and/or another Doe Defendant individually or collectively assaulted Plaintiff.

16. Plaintiff suffered serious injuries as a result of Defendants' assault.

17. After Plaintiff was handcuffed and face down, Defendant O'Brien and/or Defendant Jurgens punched Plaintiff on the side of his face multiple times. This was unlawful, disproportionate and gratuitous, as Plaintiff offered no resistance. Plaintiff was also unjustifiably maced.

18. In addition, Defendant O'Brien or Defendant Jurgens bashed Plaintiff's head into a vehicle while Plaintiff was handcuffed. Again, this was unlawful, disproportionate and gratuitous as Plaintiff offered no resistance.

19. When Plaintiff asked one of the Defendants, who on information and belief was Defendant Jurgens but who might have been Defendant O'Brien why he had been beaten, Defendant Jurgens responded "because I wanted to." Plaintiff stated that he would bring a civil rights lawsuit and that same Defendant responded "I've already had those."

20. As a consequence of the assault, Plaintiff suffered, among other injuries, a nasal bone fracture, head trauma, abrasions, bleeding, swelling and more. Plaintiff received medical treatment at Bellevue hospital for these injuries.

21. As a result of the foregoing, Plaintiff is entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**CLAIM**
**Excessive Force / Failure to Intervene**
**42 U.S.C. § 1983**

22. Plaintiff repeats and re-allege each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

23. Defendants, by their conduct toward Plaintiff alleged herein, violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

24. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly with malice and with the specific intent to deprive Plaintiffs of their constitutional rights.

25. Defendants' use of force upon Plaintiff or their failure to intervene to stop other Defendants from using force was objectively unreasonable and otherwise in violation of Plaintiff's constitutional rights and caused Plaintiff serious physical injury and psychological and emotional distress.

26. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

**PRAYER FOR RELIEF WHEREFORE**, Mr. Velez respectfully requests the following relief:

A. An order entering judgment for Mr. Velez against Defendants on each of their claims for relief;

B. Awards to Mr. Velez for compensatory damages against all Defendants, jointly and severally, for their violation of Mr. Velez's Fourth and Fourteenth Amendment rights, the amount to be determined at jury trial, which Mr. Velez respectfully demands pursuant to FRCP 38;

C. Awards to Mr. Velez of punitive damages against Defendants on the basis of their conscious wrongdoing and callous indifference to Mr. Velez's constitutional rights and welfare, the amount to be determined at jury trial, which Mr. Velez respectfully demands pursuant to FRCP 38;

        D. Awards to Mr. Velez of the costs of this action, including reasonable attorneys' fees;

        E. Such further relief as this Court deems just and proper.

DATED:    April 29, 2016
             New York, New York

                                          /s
                                    Ryan Lozar  (RL0229)
                                    305 Broadway, 10th Floor
                                    New York, New York 10007
                                    (310) 867-1562

                                    *Attorney for Plaintiff*