The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
ryanlozar@gmail.com
www.ryanlozar.com/www.luchaportusderechos.com


MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/5/2016

DECEMBER 2, 2016

Re:   <u>Velez v. O'Brien, et al.</u>, No. 15 Civ. 7441 (VEC)

Dear Judge Caproni:

    I represent Plaintiff Jose Velez in the above-captioned Section 1983 litigation alleging excessive force against the Individual Defendants.  I write with Defendants' consent to request an extension of the pretrial schedule.  This is the second request to extend time and, the Parties believe, it will be the last.  Fact discovery is presently set to close on December 12, 2016.

    Section I of this letter states brief background facts of the case; Section II describes discovery to date and the outstanding non-party subpoenas (due in large part to non-party compliance that Plaintiff is presently working to cure prior to seeking enforcement of the subpoenas) that have prompted this extension request.  Section III proposes replacement pretrial dates with Defendants' consent.  The Parties presently have a conference with the Court on December 16, 2016, at 10:00 a.m.  We are happy to keep that appointment with the Court as a status conference and/or to speak to the Court even sooner to address any questions it may have regarding this motion.

    I.    **Brief Background**

    On September 22, 2012, Mr. Velez sideswiped a number of parked vehicles on East 11th Street in Manhattan.  In this litigation, he alleges that when Defendants arrived on the accident scene, they arrested him, handcuffed him, <u>then</u> punched him multiple times in the face while he was restrained.  Mr. Velez was taken to Bellevue Hospital where he was treated for a nasal fracture and other injuries to the left and right side of his head.  Defendants deny that they punched Mr. Velez while he allege that all of Mr. Velez's injuries were caused when his car hit the parked vehicles.

    II.    **Discovery To Date**

    The Parties have been extremely diligent in conducting discovery to date.  Defendants have produced hundreds of pages of discovery and Plaintiff has as well.  Plaintiff has been deposed and both Defendants' depositions will take place next week.  The reason for the extension request has to do with pending discovery from third parties.

The Parties have also been diligent in their pursuit of these records, but non-party responses to subpoenas duces tecum has been lacking, which has required Plaintiff to begin a second wave of service of subpoenas then will take enforcement actions.  I will describe the two chief categories of pending non-party subpoenas duces tecum below.

On November 1, 2016, as soon as Plaintiff received full contact information for the five owners of the damaged parked vehicles, Plaintiff served these individuals with subpoenas duces tecum seeking insurance and repair records for the damaged parked vehicles.  As the Court may recall, these records are integral to Plaintiff's biomechanical engineer expert's development of an opinion regarding injury causation in this case as well as Plaintiff's speed at the time of the sideswipes.

I confirmed that at least four of the five November 1, 2016, subpoenas were successfully served to the subject and/or a member of their family.  Unfortunately, I only received a telephone call from one of the subpoena subjects and compliance is now overdue as to all.

I should say while I am attempting to convince the Court that I have been diligent in prosecuting this case and that I am not seeking the instant extension due to my own sloth, that I have also personally rung doorbells up and down East 11th Street in an effort to connect with vehicle owners. (This was before I obtained official records confirming their precise addresses.)

On November 20, 2016, I noticed Defendants that I would reserve the subpoenas in the hope that this second round of service would prompt compliance so that I need not begin more formal steps to enforce the subpoenas.  On November 28, 2016, I took steps to re-serve the vehicle owners for insurance and repair records.  I hope that the subjects of those subpoenas will respond by the end of next week.

Even if they do, this will only permit Plaintiff to then subpoena the insurance and repair companies that the vehicle owners identify.   In an effort to cut to the chase, Plaintiff has also directly subpoenaed GEICO and Allstate for claim and repair records relating to the damaged parked vehicles.  Again, even if those insurance companies produce claim and repair records by the end of next week, this will only permit Plaintiff to then subpoena the repair companies that will have the most specific, and thus valuable, repair records.

Next, Plaintiff continues to wait for an integral batch of subpoenaed medical records.  As the Court may recall from our telephone conference on October 28, 2016, Docket No. 31, the problem with the medical records is that large productions of Bellevue records which were received by Plaintiff and Defendants separately both failed to contain documents relating to a surgical procedure in which Mr. Velez's nasal fracture was reset (Plaintiff is trying to locate a CAT scan image as well).  As with the insurance and repair records, Mr. Velez's expert Dr. Pugh needs these in order to properly develop his opinion.

At this writing, I am hopeful that these records will be produced in December 2016 because I have been able to locate in existing medical records a fleeting reference to the ENT appointment to reset Mr. Velez's nose.  I hope that this departmental and temporal reference will aid the relevant records custodians in locating the needed records.  Additionally, Plaintiff has subpoenaed X-rays from the City's Department of Health and Mental Hygiene, taken at West Facility.

### III.  Existing Pretrial Schedule

In this final section I present the existing pretrial schedule and a proposed revised schedule.  In light of the foregoing detail about the non-party discovery that Plaintiff hopes to achieve, Plaintiff reasonably believes that the proposed revised schedule will permit completion of the same without any additional extensions.

| EVENT | CURRENT DATE | PROPOSED REVISED DATE |
| --- | --- | --- |
| **Close of Fact Discovery** | December 12, 2016 | January 31, 2017 |
| **Final Pretrial Conference** | December 16, 2016, at 10:00a.m | At the Court's convenience |
| **Close of Expert Discovery** | January 31, 2017 | March 3, 2017 |

The Parties are at the Court's disposal to provide any additional information as needed.

Plaintiff's application is GRANTED. Fact discovery shall close on January 31, 2017.  Expert discovery shall close on March 3, 2017.  The parties' Pretrial Conference shall be adjourned to February 3, 2017.  No further extensions shall be granted.

Sincerely,

*Ryan Lozar*

Ryan Lozar

SO ORDERED.

*Valerie Caproni*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

12/5/2016