UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

JOSE VELEZ,

                                       Plaintiff,

                - against -

NYPD POLICE OFFICER MICHAEL O'BRIEN, Shield
No. 22886 of the 9th Precinct, NYPD POLICE OFFICER
PAUL JURGENS, Shield No. 23820, and JOHN DOE
POLICE OFFICERS 1-5,

                                    Defendants.

----------------------------------------------------------------------- x

**DOCKET NO.:**
15-cv-7441 (VEC)


# DEFENDANTS' PRETRIAL SUBMISSIONS CONCERNING MATTERS TO BE RESOLVED *IN LIMINE*


***ZACHARY W. CARTER***
*Corporation Counsel for the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*


*Of Counsel: Matthew Stein*
*Tel: (212) 356-2105*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ iii

PRELIMINARY STATEMENT ................................................................................................... 1

POINT I

PLAINTIFF SHOULD BE PRECLUDED FROM
QUESTIONING OR OFFERING ANY
EVIDENCE OF THE OFFICERS'
DISCIPLINARY HISTORIES OR LAWSUITS ...................................... 2

A. Disciplinary Histories of NYPD Employees. ...................................... 2

B. Prior Lawsuits of NYPD Employees .................................................... 6

POINT II

PLAINTIFF SHOULD BE PRECLUDED FROM
OFFERING ANY EVIDENCE OF THE
MEDICAL EXPOSURE REPORT, INSURANCE
RECORDS FROM THE CAR ACCIDENT, NYPD
RADIO SIGNAL CODES, AND FROM
CALLING THE VEHICLE OWNERS TO
TESTIFY ............................................................................................................ 8

A. Medical Exposure Report ..................................................................... 8

B. Insurance Records ............................................................................. 10

C. NYPD Radio Signal Codes ................................................................ 11

D. Vehicle Owners .................................................................................. 12

POINT III

PLAINTIFF SHOULD BE PRECLUDED FROM
MENTIONING THE NEW YORK CITY POLICE
DEPARTMENT PATROL GUIDE ......................................................... 13

POINT IV

      PLAINTIFF SHOULD BE PRECLUDED FROM
      REFERRING TO DEFENSE COUNSEL AS CITY
      ATTORNEYS AND SUGGESTING THAT THE
      CITY MAY INDEMNIFY THE OFFICERS ........................................... 14

POINT V

      PLAINTIFF SHOULD BE PRECLUDED FROM
      REQUESTING A SPECIFIC DOLLAR AMOUNT
      FROM THE JURY ................................................................................. 16

CONCLUSION ............................................................................................................. 17

# TABLE OF AUTHORITIES

**Cases**                                                                                               **Pages**

Berkovich v. Hicks,
  922 F.2d 1018 (2d Cir. 1991)......................................................................................3, 4, 5, 7

Consorti v. Armstrong World Industries, Inc.,
  72 F.3d 1003 (2d Cir. 1995).......................................................................................16, 17

Galapo v. City of New York,
  95 N.Y.2d 568 (N.Y. 2000) ..............................................................................................14

Graham v. Conner,
  490 U.S. 386 (1989)...........................................................................................................4

Green v. Baron,
  879 F.2d 305 (8th Cir. 1989) ...........................................................................................15

Griffin v. Hilke,
  804 F.2d 1052 (8th Cir. 1986) .........................................................................................15

Huddleston v. United States,
  485 U.S. 681 (1988).......................................................................................................3, 7

Larez v. Holcomb,
  16 F.3d 1513 (9th Cir. 1994) ...........................................................................................15

Lawson v. Trowbridge,
  153 F.3d 368 (7th Cir. 1998) ...........................................................................................15

Lennon v. Miller,
  66 F.3d 416 (2d Cir. 1995)................................................................................................4

Lombardo v. Stone,
  No. 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267
  (S.D.N.Y. Jan. 29, 2002)................................................................................................3, 5

McGuire v. Bridgeport & Port Jefferson Steamboat Co.,
  00 Civ. 5951 (WK), 2001 U.S. Dist. LEXIS 19753 (S.D.N.Y. Nov. 29, 2001)......................15

Mileski v. Long Island R.R. Co.,
  499 F.2d 1169 (2d Cir. 1974)...........................................................................................16

Old Chief v. United States,
  519 U.S. 172 (1997)...........................................................................................................9

Rasmussen v. City of New York,
  766 F. Supp. 2d 399 (E.D.N.Y. 2011) ...............................................................................6

**Cases**                                                                                                         **Pages**

Romero v. County of Lake,
    60 F.3d 702 (10th Cir. 1995) ........................................................................................ 13-14

Shaw v. City of New York,
    No. 95 Civ. 9325 (AJP), 1997 U.S. Dist. LEXIS 4901
    (S.D.N.Y. Apr. 15, 1997)...................................................................................................3, 5, 7

Smith v. Freland,
    954 F.2d 343 (6th Cir. 1992) ...............................................................................................13

Stephen v. Hanley,
    No. 03 Civ. 6226 (KAM), 2009 U.S. Dist. LEXIS 43334
    (E.D.N.Y. May 21, 2009) ...................................................................................................4, 5

Thomas v. City of New York,
    No. 09 Civ. 3162 (CM) (S.D.N.Y. Sep. 21, 2011....................................................................6

Thompson v. City of New York,
    No. 05 Civ. 3082 (PAC), 2006 U.S. Dist. LEXIS 4797
    (S.D.N.Y. Feb. 7, 2006) ....................................................................................................5, 7

United States v. Benedetto,
    571 F.2d 1246 (2d Cir. 1978)..............................................................................................3, 4

United States v. Brennan,
    798 F.2d 581 (2d Cir. 1986).....................................................................................................3

United States v. Margiotta,
    662 F.2d 131 (2d Cir. 1981).....................................................................................................3

United States v. Ulbricht,
    79 F. Supp. 3d 466 (S.D.N.Y. Jan 7, 2015) ............................................................................9

Wallace v. Hano,
    No. 90 Civ. 2064 (WK), 1992 U.S. Dist. LEXIS 13388
    (S.D.N.Y. Sep. 3, 1992) ..........................................................................................................5

Williams v. McCarthy,
    2007 U.S. Dist. LEXIS 79151 (S.D.N.Y. Oct. 25, 2007) .......................................................15

**Statutes**                                                                                    **Pages**

42 U.S.C. § 1983.................................................................................................1, 4, 13

Fed. R. Evid. 401 ..............................................................................................9, 10, 12, 13

Fed. R. Evid. 402 .............................................................2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14

Fed. R. Evid 403 ...................................................................2, 3, 6, 7, 9, 10, 11, 12, 13, 14

Fed. R. Evid. 404(b)...........................................................................................2, 3, 4, 5, 6, 7

Fed. R. Evid. 411 ........................................................................................................15, 16

Fed. R. Evid. 608 ......................................................................................................2, 6, 7

Fed. R. Evid. 611 ....................................................................................................2, 6, 7, 11

Fed. R. Evid. 802 .................................................................................................2, 6, 7, 11, 12

McCormick § 168 ..............................................................................................................16

**Other Authorities**

Annot, 4 A.L.R.2d 761.......................................................................................................16

22 C. Wright & K. Graham, Federal Practice & Procedure: Evidence § 5240 ...............................3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

JOSE VELEZ,

                            Plaintiff,

           - against -

NYPD POLICE OFFICER MICHAEL O'BRIEN, Shield
No. 22886 of the 9th Precinct, NYPD POLICE OFFICER
PAUL JURGENS, Shield No. 23820, and JOHN DOE
POLICE OFFICERS 1-5,

                          Defendants.

---------------------------------------------------------------------- x

**DEFENDANTS' PRETRIAL
SUBMISSIONS
CONCERNING MATTERS
TO BE RESOLVED *IN
LIMINE***

15-CV-7441 (VEC)

## <u>PRELIMINARY STATEMENT</u>

        Plaintiff Jose Velez brings this action against defendants Detective Michael

O'Brien and Sergeant Paul Jurgens (collectively, "defendants") alleging violations of his civil

rights pursuant to 42 U.S.C. § 1983. Specifically, plaintiff alleges, *inter alia*, that on September

22, 2012, he was subjected to excessive force when he was arrested for driving under the

influence after getting into a car accident during which he crashed into five parked cars.

        Trial is scheduled to commence before the Honorable Valerie E. Caproni, United

States District Judge for the Southern District of New York, on July 17, 2017. Defendants, by

their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully

submit this memorandum of law in support of their motion seeking the following *in limine* relief:

(1) plaintiff should be precluded from inquiring into or offering any evidence of the officers'

disciplinary histories or prior lawsuits; (2) plaintiff should be precluded from offering certain

documents into evidence and producing certain witnesses; (3) plaintiff should be precluded from

mentioning or offering any evidence of the New York City Police Department Patrol Guide; (4)

plaintiff should be prevented from offering any evidence that defense counsel are City attorneys and that the City may indemnify the officers; and (5) plaintiff should be precluded from requesting a specific dollar amount from the jury.[1]

## POINT I

## PLAINTIFF SHOULD BE PRECLUDED FROM QUESTIONING OR OFFERING ANY EVIDENCE OF THE OFFICERS' DISCIPLINARY HISTORIES OR LAWSUITS

### A.    Disciplinary Histories of NYPD Employees.

Should plaintiff seek to offer evidence of the defendants' disciplinary histories or prior lawsuits, such evidence should be precluded. More specifically, pursuant to Fed. R. Evid. 402, 403, 404(b), 608, 611, and 802, plaintiff should be precluded from inquiring about or offering any evidence of the disciplinary histories of the defendant officers' or any non-party police officers who may testify. As disclosed to Plaintiff during discovery and depositions in this action, none of the individual defendants have substantiated allegations involving excessive force or false statements within the past ten years. Therefore, any evidence of prior, *unsubstantiated* disciplinary complaints against these individual defendants would certainly be irrelevant, prejudicial, confusing, a waste of time, improper propensity evidence, harassing and embarrassing, and inadmissible hearsay.

Even if the defendants did have substantiated allegations involving excessive force, such information is inadmissible pursuant to Fed. R. Evid. 404(b). Rule 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes,

---

[1] Defendants reserve the right to file a supplemental motion *in limine* pending the filing of the Joint Pre Trial Order, the deadline for which is one week after this motion is to be filed.

such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Fed. R. Evid. 404(b). However, prior bad act evidence is not automatically admissible simply because the proponent has articulated some not-for-character purpose to which the evidence could be put; Rule 403 also comes into play. As the Supreme Court held in Huddleston v. United States, 485 U.S. 681, 688 (1988), the decision to admit evidence under Rule 404(b) depends on also "whether the danger of unfair prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403."

Thus, Rule 404(b) "requires a two-part analysis: first, whether the proposed evidence fits within one of the 'exceptions' provided by the Rule, and second, even if it does, whether under Rule 403, the evidence's probative value is substantially outweighed by the potential for jury confusion or prejudice." Shaw v. City of New York, No. 95 Civ. 9325 (AJP), 1997 U.S. Dist. LEXIS 4901, at *16-19 (S.D.N.Y. Apr. 15, 1997). See, e.g., Advisory Committee Notes to Fed. R. Evid. 404(b); Lombardo v. Stone, No. 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267, at *10-12, 15-16 (S.D.N.Y. Jan. 29, 2002); United States v. Benedetto, 571 F.2d 1246, 1248 (2d Cir. 1978); United States v. Brennan, 798 F.2d 581, 589 (2d Cir. 1986); United States v. Margiotta, 662 F.2d 131, 142 (2d Cir. 1981); Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991); 22 C. Wright & K. Graham, Federal Practice & Procedure: Evidence § 5240 at 472 ("even if the evidence falls within one of the traditional exceptions [in Rule 404(b)], the trial judge may still exclude it on the discretionary grounds listed in Rule 403").

In this case, the introduction of the officers' disciplinary histories does not fall under any of the 404(b) exceptions. The pertinent exceptions under Rule 404(b) for which plaintiff may seek to use evidence of prior bad acts are "proof of motive" or "intent" on the part

of defendants. However, as the Supreme Court held in <u>Graham v. Conner</u>, 490 U.S. 386, 394-97 (1989), motive and intent – in this case to use excessive force on plaintiff – are irrelevant to the standard that governs the Fourth Amendment and § 1983 claims. The Court in <u>Graham</u> held that the test for a Fourth Amendment claim is one of objective reasonableness, and is to be applied without regard to an officer's underlying intent or motivation. <u>Id.</u>; <u>Lennon v. Miller</u>, 66 F.3d 416, 423-25 (2d Cir. 1995). Thus, evidence of prior complaints proffered to show defendants' motive or intent to violate plaintiff's constitutional rights is irrelevant and, therefore, inadmissible under Rules 402 and 404(b). <u>See</u> <u>Stephen v. Hanley</u>, No. 03 Civ. 6226 (KAM), 2009 U.S. Dist. LEXIS 43334, at *20, n.2 (E.D.N.Y. May 21, 2009) (where defendant officers sought to introduce evidence of dropped resisting arrest charge against plaintiff to show their subjective beliefs, the court excluded this evidence because the Fourth Amendment's objective reasonableness test made the officers' intent irrelevant).

Moreover, with respect to excessive force claims brought under the Fourth Amendment in § 1983 cases, the Second Circuit has uniformly held that evidence of an officer's prior bad acts are only admissible under Rule 404(b) if the alleged prior bad act has a close nexus with the acts complained of by plaintiff in his complaint. <u>Berkovich</u>, 922 F.2d at 1022. In <u>Berkovich</u>, plaintiff sought to introduce a police officer's past CCRB complaints to prove a "pattern of conduct" on the part of the officer with respect to, among other things, the plaintiff's false arrest claims. <u>Id.</u> In upholding the trial court's exclusion of prior CCRB complaints, the Second Circuit held that "[t]o merit admission under this theory, the extrinsic acts must share 'unusual characteristics' with the act charged or represent a 'unique scheme.'" <u>Id.</u> at 1022-23 (quoting <u>Benedetto</u>, 571 F.2d at 1249). Though the CCRB complaints at issue in <u>Berkovich</u> were unsubstantiated, the Court made it clear that even "[a]ssuming the seven prior complaints

could be proved, they do not show the kind of *modus operandi* claimed in this case."  922 F.2d at 1022-23; see Wallace v. Hano, No. 90 Civ. 2064 (WK), 1992 U.S. Dist. LEXIS 13388, at *19-21 (S.D.N.Y. Sep. 3, 1992) (prior bad acts claimed to be a "pattern of conduct" must be distinctive enough to form a "signature"); see also Stephen, 2009 U.S. Dist. LEXIS 43334, at *38-39 (precluding prior incident CCRB documents reasoning that the alleged prior conduct are not "so unusual or distinctive" nor do they represent a "unique scheme" or "signature" as to constitute a pattern of similar conduct evidence).

Here, it cannot be said that any of the defendants' disciplinary histories or other alleged prior bad acts fall within the exceptions of Rule 404(b).  However, plaintiff may nonetheless seek to proffer such evidence to demonstrate that the defendants had the propensity to commit such alleged prior bad acts and that they acted in conformity with that propensity by using excessive force on plaintiff.  However, such a proffer would "amount[] to no more than a veiled attempt to do what Rule 404(b) expressly prohibits."  Berkovich, 922 F.2d at 1022. See also Thompson v. City of New York, No. 05 Civ. 3082 (PAC), 2006 U.S. Dist. LEXIS 4797, at *6 (S.D.N.Y. Feb. 7, 2006) (if admitted, unsubstantiated CCRB complaints would impermissibly show that, because defendant was previously investigated for the alleged conduct, "the fact-finder should believe plaintiff over defendant" – a use of evidence "that Rule 404(b) is designed to prevent"); Shaw, 1997 U.S. Dist. LEXIS 4901, at *18-20 (finding IAD report inadmissible under Rule 404(b)); Lombardo, 2002 U.S. Dist. LEXIS, at *9 (holding that disciplinary records are inadmissible).  For this reason alone, plaintiff should be precluded from questioning or offering any evidence of the disciplinary histories, or other alleged prior bad acts of defendants.

Moreover, in addition to the lack of relevance under Rule 402 and lack of exceptions under Rule 404(b), evidence of defendants' prior disciplinary histories, or other

alleged prior bad acts would also be, if admitted, extremely prejudicial and serve to confuse and mislead the jury in violation of Rule 403. The jury could choose to punish defendants for unproven alleged prior acts rather than addressing the merits of the alleged acts in this action. The jury may also infer misconduct by the mere fact that a prior complaint was filed against the individual police officer defendants. See Thomas v. City of New York, No. 09 Civ. 3162 (CM) at *4 (S.D.N.Y. Sep. 21, 2011 Order: Docket No. 83) (plaintiff Sean Thomas assumes that the existence of a complaint with the CCRB involving an individual defendant implies that the defendant actually committed a constitutional violation; it does not); see also Rasmussen v. City of New York, 766 F. Supp. 2d 399, 409 (E.D.N.Y. 2011) (same). During discovery, defendants have produced various documents containing disciplinary information of Jurgens and O'Brien, but none of them contained any substantiated allegations of a similar nature to plaintiff's complaint or of false statements. Therefore, defendants request that plaintiff be precluded from questioning or offering any testimony about the disciplinary histories of any officers that may testify.

### B.     Prior Lawsuits of NYPD Employees

Evidence of unrelated lawsuits against Jurgens and O'Brien in this matter are inadmissible under Rules 402, 403, 404(b), 608, 611, and 802 because such information is not relevant, substantially more prejudicial than probative, causes juror confusion, will only be used to prove that these police officers had a propensity to allegedly violate plaintiff's constitutional rights, further cause embarrassment and harassment to them, and, not to mention, constitute inadmissible hearsay. Therefore, plaintiff should be precluded from questioning or offering any evidence of the officers' prior lawsuits.

In accordance with Rule 404(b), plaintiff is not permitted to introduce evidence of prior (and certainly not of subsequent) lawsuits against defendants in order to prove an alleged

propensity to violate his constitutional rights.  <u>See</u> <u>Berkovich</u>, 922 F.2d at 1022 (upholding the exclusion at trial of all references to the defendant police officers' history of prior civilian complaints pursuant to Rules 404(b) and 403).  <u>See also</u>, <u>Thompson</u>, 2006 U.S. Dist. LEXIS 4797, at *6 (same); <u>Shaw</u>, 1997 U.S. Dist. LEXIS 4901, at *18 (same).

Evidence of prior lawsuits is substantially more prejudicial than probative, and thus should be excluded pursuant to Rule 403 as well.  If Plaintiff is permitted to inquire about unrelated lawsuits, defendants would need to offer evidence in defense of mere allegations, resulting in "mini-trials" that would only lengthen this trial, waste time, and confuse the issues.  Moreover, as with prior civilian complaints, the jury could choose to punish the defendants for unproven allegations contained in the other lawsuits, or could infer that the defendants are inclined to violate civil rights by virtue of the existence of unrelated lawsuits against them.  <u>See</u> <u>Huddleston</u>, 485 U.S. at 686 ("[t]he [offering party] may not parade before the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo").  Additionally, similar act evidence "should be admitted only if there is sufficient evidence to support a finding by the jury that the defendant committed the similar act."  <u>Id.</u> at 685.  Because evidence of unrelated, unsubstantiated lawsuits would lack substantial probative value, in addition to being inadmissible hearsay, it should be excluded.

For these reasons, plaintiff should not be permitted at trial to introduce into evidence, or inquire about, prior lawsuits brought against Jurgens or O'Brien under Rules 402, 403, 404(b), 608, 611, and 802.

## POINT II

**PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING ANY EVIDENCE OF THE MEDICAL EXPOSURE REPORT, INSURANCE RECORDS FROM THE CAR ACCIDENT, NYPD RADIO SIGNAL CODES, AND FROM CALLING THE VEHICLE OWNERS TO TESTIFY**

### A.    Medical Exposure Report

Defendants anticipate that plaintiff will seek to introduce into evidence a document called a medical exposure report (Stein Decl., Ex. A). By way of background, a medical exposure report is a NYPD document generated when an officer comes in contact with any bodily fluid of another person, usually an arrestee; each report has a unique medical exposure number. (See Stein Decl., Ex. B). In this case, Detective O'Brien testified in his deposition that he was assigned a medical exposure number on or around September 22, 2012, the date of the subject incident. (See Stein Decl., Ex. B). Detective O'Brien also testified that he believed the medical exposure number to be unrelated to the subject incident. (Id.) However, once the report was obtained it became clear that it was related to this case, and generated due to the fact that Detective O'Brien may have come in contact with plaintiff's blood during the struggle to arrest plaintiff (Stein Decl., Ex. A). Defendants believe that plaintiff will attempt to introduce this document to try and convince the jury that Detective O'Brien tried to cover up the fact that he may have come into contact with plaintiff's blood. However, as there is no dispute that the defendant officers used force to arrest plaintiff, and no dispute about the extent of

plaintiff's injuries, this document does not make it more or less likely that the defendants used an *unreasonable* amount of force when arresting plaintiff.[2]

This report should be precluded under Rules 401, 402, and 403, as any probative value contained in the report is substantially outweighed by the danger of unfair prejudice, jury confusion, and cumulative evidence. Fed. R. Evid. 403 "authorizes the exclusion of relevant evidence when 'its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" United States v. Ulbricht, 79 F. Supp. 3d 466, 480 (S.D.N.Y. Jan 7, 2015). See Old Chief v. United States, 519 U.S. 172, 180 (1997). Furthermore, courts will weigh the probative value of evidence by "comparing evidentiary alternatives." *Id*.

Here, plaintiff's injuries are undisputed, and there are medical records available to illustrate the nature of his injuries. Thus, the medical exposure report contains almost no probative value, other than to poison the jury against Detective O'Brien for not remembering an insignificant detail during an arrest that took place nearly five years ago, and confuse the jury into thinking that the report was somehow connected to any force that was used against plaintiff. Additionally, because plaintiff's medical records are available and the nature of plaintiff's injuries are not in dispute, the medical exposure report does not tend to make any fact at issue more or less likely. Fed. R. Evid. 401. In fact, the only issue in this case is whether the plaintiff was subjected to excessive force, and therefore, whether Detective O'Brien remembered obtaining a medical exposure number relating to his interaction with plaintiff is not indicative of

---

[2] It should be noted that defendants contend that the majority of plaintiff's injuries were sustained during his car accident, during which he crashed into five parked cars in the vicinity of East 11th Street and Avenue C.

the amount of force that was used. Accordingly, the medical exposure report should be precluded.

### B. Insurance Records

Plaintiff intends to introduce into evidence (or elicit testimony about) insurance records related to plaintiff's car accident on September 22, 2012. Such evidence should be precluded under Rules 402, 403, and 802, as it will not make any fact at issue more or less likely, and any probative value is substantially outweighed by the danger of unfair prejudice and jury confusion.

As mentioned several times *infra*, the *only* fact at issue in this case is whether the plaintiff was subjected to excessive force during the course of his arrest. Therefore, evidence relating to the various insurance records compiled long after plaintiff's car accident and subsequent arrest has no bearing on the amount of force used by the defendant police officers. *See* Fed. R. Evid. 401. Defendants anticipate that plaintiff will seek to offer the insurance records into evidence in an attempt to illustrate how fast (or slow) plaintiff's car was traveling when he crashed into five parked cars on September 22, 2012. However, pursuant to Rule 403, any probative value contained in these records would be substantially outweighed by the danger of jury confusion and unfair prejudice. Specifically, there is no probative value contained in these records, as they do not make it more or less likely that plaintiff was subjected to excessive force. To allow these records into evidence will only confuse the jury and distract their attention from the issue at hand. Additionally, plaintiff intends to produce an expert witness to opine on, among other things, the speed of plaintiff's car at the time of the accident. A jury of laypersons should not be able to guess and speculate as to the meaning of the insurance records as they relate to the speed of plaintiff's car at the time of the accident. Accordingly, the insurance records should be precluded.

### C.      NYPD Radio Signal Codes

An exhibit purporting to be an explanation of NYPD signal codes should be precluded pursuant to Rules 402, 403, 611, and 802.  (<u>See</u> Stein Decl., Ex. C).  To allow Plaintiff to introduce this document, which has no relevance to any of the pertinent issues in this case, would only create juror confusion, waste time, and be further used to embarrass defendants.  By way of background, the document that plaintiff seeks to introduce into evidence was printed from the internet, and not created by a member of the NYPD.  (Stein Decl., Ex. C).  The document purports to explain the meaning of the various signal communication codes used by the NYPD.  (<u>Id</u>.).

As an initial matter, information which may be contained in this document has little relevance to the ultimate issues at trial, for example, whether any force used by defendants was reasonable and justified.  Second, although plaintiff may ask witnesses whether they are familiar with the signal codes, to introduce the document into evidence would only serve to confuse the jury with the needless presentation of cumulative evidence, and thereby waste time, all in violation of Rule 403.  Since the radio signal codes will do nothing to assist the jury in reaching conclusions on any of the questions that will actually be placed before them, plaintiff should be precluded from offering such a document at trial.  Furthermore, plaintiff should also be precluded from introducing the document under Rule 611 because his sole purpose would be to cause undue embarrassment and harassment to defendants based on their knowledge of codes having nothing to do with the issue at hand.

Finally, plaintiff should be precluded from introducing the radio signal codes because such evidence is inadmissible hearsay under Rule 802.  As the document was pulled off of the internet, we have no information about who created it.  Thus, any information reflected in the document constitutes hearsay as it contains statements not made by a declarant at trial, and

would be offered for the truth of those facts. Such statements do not fall into any of the hearsay exceptions. As such, plaintiff should be precluded from offering these exhibits at trial under Rule 802.

### D. Vehicle Owners

Defendants anticipate that plaintiff will seek to call as witnesses the owners of the five vehicles that plaintiff crashed into on September 22, 2012. Specifically, defendants believe that plaintiff will attempt to elicit testimony from these witnesses about the positioning of their cars after the accident in a futile attempt to illustrate the speed at which plaintiff's car hit the other vehicles. Such information is irrelevant, and should be precluded pursuant to Rules 401, 402, and 403. Plaintiff's counsel should be reminded that the only issue in this case is whether his client was subjected to excessive force. To allow him to call these witnesses, whose testimony would offer zero probative value, would do nothing more than confuse the jury and waste the time and resources of the Court.

Not only would the testimony of these proposed witnesses be in violation of Rules 402 and 403, but plaintiff also intends to call a purported accident reconstructionist to testify. Accordingly, any testimony of the owners of the vehicles, *none* of whom were present to witness the accident, would be cumulative, confusing, and a waste of time. Thus, they should be precluded from testifying.

**PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING THE NEW YORK CITY POLICE DEPARTMENT PATROL GUIDE**

Plaintiff should be precluded from referring to and offering any evidence of NYPD procedure or patrol guide provisions[3]. Alleged violations of NYPD procedure by the defendants is irrelevant to the determination of whether plaintiff's constitutional rights were violated and unduly prejudicial. This is especially true in this case where there is no evidence in the record to establish that any of the defendants violated NYPD procedure pertaining to their interaction with plaintiff. Thus, any NYPD procedure or patrol guide provision should be precluded pursuant to Fed. R. Evid. 402 and 403.

First, the standards set forth as per NYPD procedure are merely guidelines established by the New York City Police Department, and are not the standards of the United States Constitution. In light of plaintiff's claims that his constitutional rights were violated, any NYPD guidelines, whether or not followed to the letter, are irrelevant to the determination of whether plaintiff's constitutional rights were violated. See Smith v. Freland, 954 F.2d 343, 347 (6th Cir. 1992) ("[u]nder § 1983, the issue is whether [the officer] violated the Constitution, not whether he should be disciplined by the local police force. A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983"); Romero v. County of Lake, 60 F.3d 702, 705 (10th Cir. 1995)

---

[3] Defendants anticipate that plaintiff also intends to call Police Officer Jose Diaz as a witness. Officer Diaz, a member of the NYPD's Intoxicated Driver Testing Unit, took blood from plaintiff at the hospital. Plaintiff intents to elicit testimony that Officer Diaz did not follow NYPD protocol when taking plaintiff's blood. For the reasons stated in this section, plaintiff should be precluded from calling Officer Diaz as a witness. Additionally, Officer Diaz has no personal knowledge of plaintiff's arrest or any force used to place him in handcuffs, and thus plaintiff should also be precluded from calling him pursuant to Rules 401, 402, and 403.

("violations of state law and police procedure generally do not give rise to a 1983 claim"); see also Galapo v. City of New York, 95 N.Y.2d 568, 574-75 (N.Y. 2000) (NYPD Patrol Guide should be excluded from evidence because it does not create legal duties). Since NYPD procedure does not create legal duties, it is irrelevant to the determination of whether plaintiff's constitutional rights were violated and should therefore be precluded under Fed. R. Evid. 402.

Second, any reference to alleged "violations" of NYPD procedure, meaning that defendants did not follow the exact guidelines, would only confuse the jury. The jury will be called upon to determine whether defendants violated plaintiff's constitutional rights, which is to be evaluated by the jury under the Fourth Amendment standard. If the jury is presented with the proffered portions of NYPD procedure, it is likely to wrongly assume that NYPD procedure sets out the standard by which they are to evaluate defendants' alleged unconstitutional actions, notwithstanding a contrary instruction from the Court. It is certainly in the realm of possibility that an officer could follow NYPD procedure and still violate an individual's constitutional rights or not follow NYPD procedure and not violate an individual's rights. Therefore, any reference to alleged "violations" of NYPD procedure are irrelevant, unfairly prejudicial, and would only confuse the issues and the jury. Accordingly, the Patrol Guide, as well as testimony regarding NYPD procedure, should therefore be precluded pursuant to Fed. R. Evid. 402 and 403.

## POINT IV

### PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL AS CITY ATTORNEYS AND SUGGESTING THAT THE CITY MAY INDEMNIFY THE OFFICERS

Because the City of New York is not a defendant in this case, the Court should preclude plaintiff from informing the jury that defense counsel are City attorneys. Referring to

defense counsel as City attorneys would not only be inaccurate in the context of this case, it would be prejudicial to the officers, as it may create the impression that the City – often viewed as a deep pocket – will pay any potential verdict. To offset this potential prejudice, defendants propose that defense counsel simply be identified as attorneys from the Corporation Counsel; the Honorable Shira A. Scheindlin, United States District Judge for the Southern District of New York endorsed this very solution. See Williams v. McCarthy, 2007 U.S. Dist. LEXIS 79151, at *24-25 (S.D.N.Y. Oct. 25, 2007).

       Similarly, plaintiff should not be permitted to mention or offer any evidence that the City may indemnify the officers should a jury find them liable. Indemnification has no bearing on the facts of plaintiff's claims or damages. See, e.g., Lawson v. Trowbridge, 153 F.3d 368 (7th Cir. 1998) (stating that it is generally improper to inform the jury about government indemnification); Larez v. Holcomb, 16 F.3d 1513, 1519 (9th Cir. 1994) (finding district court's instruction that city would indemnify defendant police officer constituted prejudicial error); Green v. Baron, 879 F.2d 305, 310 (8th Cir. 1989) (characterizing jury instruction that the state will indemnify an employee for compensatory damages as "extremely prejudicial"); Griffin v. Hilke, 804 F.2d 1052 (8th Cir. 1986) (relying on Rule 411 to find prejudicial error where plaintiff's counsel told jury that the government would be liable for defendant police officer's unconstitutional conduct); Williams, 2007 U.S. Dist. LEXIS 79151, at *24-25 (precluding admission of evidence of the City's potential indemnification of defendant police officers on relevancy grounds); McGuire v. Bridgeport & Port Jefferson Steamboat Co., 00 Civ. 5951 (WK), 2001 U.S. Dist. LEXIS 19753, at *4 (S.D.N.Y. Nov. 29, 2001) (finding indemnification evidence not relevant at trial). Such evidence and arguments lack any evidentiary value and would seriously prejudice the defendants because if the jury is permitted to assume that the City will

foot the bill, the jury may not assess issues of liability critically.  This unfortunate prejudice is

precisely what the Federal Rules of Evidence seek to avoid by denying admission of evidence of

insurance or indemnification agreements.  <u>See</u> Fed. R. Evid. 411, Advisory Committee's Note

("More important, no doubt, has been the feeling that knowledge of the presence or absence of

liability insurance would induce juries to decide cases on improper grounds.  McCormick § 168;

Annot., 4 A.L.R.2d 761.").

Accordingly, plaintiff should be precluded from referring to defense counsel as

"City attorneys" and from suggesting that the City may indemnify the defendants.

**POINT V**

**PLAINTIFF SHOULD BE PRECLUDED FROM REQUESTING A SPECIFIC DOLLAR AMOUNT FROM THE JURY**

While the Second Circuit has not adopted a flat prohibition of suggesting a

specific dollar amount, it does disfavor specifying target amounts for the jury to award.  <u>Consorti</u>

<u>v. Armstrong World Industries, Inc.</u>, 72 F.3d 1003, 1016 (2d Cir. 1995).  Such suggestions

unlawfully anchor the jurors' expectations of a fair award at a place set by counsel, rather than

by the evidence.  <u>Id.</u>; <u>see also</u> <u>Mileski v. Long Island R.R. Co.</u>, 499 F.2d 1169, 1172 (2d Cir.

1974) ("A jury with little or no experience in such matters, rather than rely upon its own

estimates and reasoning, may give undue weight to the figures advanced by plaintiff's counsel . .

.").  The Court in <u>Consorti</u> went on to state:

> A jury is likely to infer that counsel's choice of a particular number
> is backed by some authority or legal precedent.  Specific proposals
> have a real potential to sway the jury unduly. . . .  We encourage
> trial judges to bar such recommendations.

<u>Consorti</u>, 72 F.3d at 1016. As such, plaintiff should be precluded from suggesting a specific dollar amount to the jury during her opening statement, during the testimony of any witness and/or during summation.

### **<u>CONCLUSION</u>**

For the foregoing reasons, defendants respectfully request that the Court grant their motions in their entirety, together with such other and further relief as the Court deems just.

Dated:       New York, New York
              May 8, 2017

ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 356-2105


By:          /s/
            Matthew Stein
            Assistant Corporation Counsel


<u>VIA ECF</u>

Ryan Lozar, Esq.
*Attorney for Plaintiff*
Law Office of Ryan Lozar
305 Broadway, 9th Floor
New York, NY 10007
Phone: (310) 867-1562