UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
Jose Velez,

                              Plaintiff,        No. 15 Civ. 7441 (VEC)

          -against-

Michael O'Brien, et al.,

                              Defendants.

------------------------------------------------------------- x

# PLAINTIFF'S PRETRIAL SUBMISSIONS CONCERNING MATTERS TO BE RESOLVED <u>IN LIMINE</u>

Ryan Lozar
Attorney for Plaintiff Jose Velez
305 Broadway, 10th Floor
New York, NY 10007
(310) 867-1562
ryanlozar@gmail.com

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................. 1

ARGUMENT ........................................................................................ 2

    POINT 1. Defendants should be precluded from introducing evidence concerning Plaintiff's financial status, including any use of public assistance. .................................................................... 2

    POINT II. Defendants should be precluded from introducing evidence of Plaintiff's criminal history. ......................................... 3

    POINT III. Defendants should be precluded from offering evidence at trial that they have received commendations, medals and awards and/or performed military service, or from offering evidence of their family's like achievements and/or service. .......................... 6

    POINT IV. Defendants should be precluded from introducing a document titled Driver Group Search at trial. ................................ 7

CONCLUSION ..................................................................................... 8

# CASES

Fletcher v. City of New York, 54 F. Supp.2d 328, 332 (S.D.N.Y. 1999) 4

Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 539 (E.D.N.Y. 2011)...4

Lewis v. Velez, 149 F.R.D. 474, 481 (S.D.N.Y. 1993) .............................5

Stephen v. Hanley, No. 03 Civ. 6226, 2009 WL 1471180, at *4
   (E.D.N.Y. May 21, 2009) ........................................................................4

Sullivan v. Newburg Enlarged School District, 281 F. Supp. 2d 689, 710
   (S.D.N.Y. 2003)........................................................................................4

U.S. v. Boulware, 384 F.3d 794, 808 N.6 (9th Cir. 2004).........................4

U.S. v. Crawford, 613 F.2d 1045, 1053 (D.C. Cir. 1979) .........................5

U.S. v. Matera, 489 F.3d 115, 121 (2d Cir. 2007) ....................................3

U.S. v. Washington, 746 F.2d 104, 106 (2d Cir. 1984).............................5

U.S. v. White, 692 F.3d 235, 246 (2d Cir. 2012).......................................2

# RULES

Fed. R. Evid. 403 .......................................................................................4

Fed. R. Evid. 609(a)(1)...............................................................................3

Fed. R. Evid. 609(a)(2)...............................................................................4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
Jose Velez,

                        Plaintiff,

      -against-

Michael O'Brien, et al.,

                        Defendants.

------------------------------------------------------------ x

MEMORANDUM OF LAW IN SUPPORT OF PLAINITFF'S MOTION IN LIMINE

No. 15 Civ. 7441 (VEC)

# **PRELIMINARY STATEMENT**

Plaintiff Jose Velez brings this action against Defendant Detective Michael O'Brien and Defendant Detective Paul Jurgens alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. In particular, Mr. Velez alleges, among other things, that Defendants subjected him to excessive force when they responded to an accident in which he was involved on September 22, 2012, and arrested him.

Trial is scheduled to begin before this Court on July 17, 2017. Plaintiff respectfully submits this Memorandum of Law in support of his motion in limine, by which he seeks to preclude or otherwise limit the introduction of certain evidence which Defendants may seek to utilize at the upcoming trial of this matter.[1] More precisely, as set forth herein, Plaintiff makes preliminary application that:

---

[1] Although the Parties' advanced draft JPTO (scheduled for filing with the Court on May 15, 2017) partially guided Plaintiff's motions in limine herein, Plaintiff respectfully requests the right to supplement these motions in limine if unanticipated and disputed issues emerge in the coming week as the JPTO is finalized. Furthermore, Plaintiff notes that he understands motion in limine to address issues about the admissibility of evidence believed by the movant to be prejudicial. See Black's Law Dictionary at 803 (8th ed. 2004). Thus, Plaintiff will wait to respond in opposition to Defendants' own motions in limine to argue for admission of evidence he wishes to bring in, but will not herein anticipate the need to move for admission of any evidence that he suspects Defendants may move to preclude or limit.

1

1. Defendants should be precluded from questioning Plaintiff on, or offering any evidence relating to, Plaintiff's financial status.
2. Defendants should be precluded from questioning Plaintiff on, or offering any evidence relating to, Plaintiff's criminal history.
3. Defendants should be precluded from testifying on, or offering any evidence relating to, any commendations, awards, military service, and/or their family's like achievements and/or service.
4. Defendants should be precluded from offering in evidence a document entitled the Driver Group Search.

# ARGUMENT

## POINT 1. Defendants should be precluded from introducing evidence concerning Plaintiff's financial status, including any use of public assistance.

The Defendants should be precluded from seeking to introduce evidence concerning Plaintiff's financial status. Plaintiff testified at deposition regarding his receipt of Medicaid and his residence at the time of the incident with his mother in public housing. These areas of testimony would serve only to smear, embarrass, or otherwise impugn Plaintiff, while providing no probative value to the jury. Accordingly, such evidence should not be permitted at trial.

To be admissible under FRE 401 and 403, evidence must be both (1) relevant, and (2) not outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. See U.S. v. White, 692 F.3d 235, 246 (2d Cir. 2012); see also U.S. v. Matera, 489

F.3d 115, 121 (2d Cir. 2007) ("The district court is commanded by Rule 403 to weight the probative value against the unfair prejudice."). The evidence here fails both tests.

Many lawsuits filed and litigated in this Court seek compensatory and other monetary damages, yet an exhaustive forensic analysis of the litigants' financial affairs are not routinely admitted in evidence at trial to show that a plaintiff has a bad faith motive to bring a claim without merit, or that a defendant has a bad faith motive to oppose a claim with merit. In the context of this particular litigation, in which Plaintiff's deposition testimony revealed him to be a man without great financial means, his near indigence should not be treated any differently than in those other contexts.

Relatedly, I note that Defendants routinely seek to preclude any mention of the City's possible indemnification of officer defendants in Section 1983 actions in this Court. Just as Corporation Counsel often argues a jury may not consider the depth of the respective litigants' pockets when weighing liability issues, Mr. Velez argues that his financial condition is irrelevant to how a reasonable jury may interpret how evidence bears on questions of liability.

## POINT II. Defendants should be precluded from introducing evidence of Plaintiff's criminal history.

Plaintiff argues that none of his criminal history should be introduced to the jury in this case as relevant evidence. Plaintiff is presently incarcerated in connection with a 2015 plea for criminal charges that included robbery.

Because Mr. Velez's convictions pursuant to this plea occurred within the past ten years, FRE 609(a)(1) authorizes the Court, in its discretion, to admit evidence of the convictions subject to FRE 403 balancing.[2] Fed. R. Evid. 609(a)(1). This analysis permits exclusion of the

---

[2] As a preliminary matter, robbery conviction does not implicate admissibility standards pursuant to FRE 609(a)(2).

evidence if the detrimental effects of its admission substantially outweigh its probative value. See Fed. R. Evid. 403. Failure to strike the required balance may lead an appellate court to review a properly preserved FRE 403 objection de novo. See U.S. v. Boulware, 384 F.3d 794, 808 N.6 (9th Cir. 2004) (stating that in instances where FRE 403 balancing did not occur, an appellate court must perform that balancing de novo).

In Fletcher v. City of New York, 54 F. Supp.2d 328, 332 (S.D.N.Y. 1999), Judge Berman ruled that the plaintiff's conviction for attempted robbery in the second degree was inadmissible under FRE 609(a)(1) because "the prejudicial effect of [the p]laintiff's guilty plea to attempted robbery in the second degree substantially outweighs its probative value and should, therefore, be excluded from evidence." As another example, in Sullivan v. Newburg Enlarged School District, 281 F. Supp. 2d 689, 710 (S.D.N.Y. 2003), the Court held that a sexual-harassment defendant's "prior conviction for armed robbery ha[d] no probative value in [the] plaintiff's civil case, and [was] extremely prejudicial." One more representative case in which a court finding insufficient probative value in a civil litigant's conviction is found in Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 539 (E.D.N.Y. 2011), in which the Eastern District found that a Section 1983 plaintiff's subsequent conviction of a crime following the defendant officers' contested handling of an arrest was "irrelevant to whether the arresting officers' actions were objectively reasonable before and during the course of the incident at issue in an excessive force case." (citing Stephen v. Hanley, No. 03 Civ. 6226, 2009 WL 1471180, at *4 (E.D.N.Y. May 21, 2009)).

---

See Fletcher v. City of New York, 54 F. Supp.2d 328, 332 (S.D.N.Y. 1999) (finding in a civil case that the plaintiff's conviction for attempted robbery in the second degree was inadmissible under FRE 609(a)(2) because it was "not a crime that involves dishonesty or false statement and is, therefore, inadmissible under Fed. R.Evid. 609(a)(2)") (collecting cases finding the same); see also Fed. R. Evid. 609(a)(2). .

4

Although this Court may assign a different valuation to the probative value of Mr. Velez's robbery conviction here than the courts in Fletcher, Sullivan, Jean-Laurent and Stephen, courts have generally found FRE 403 balancing to be difficult when the examining court finds itself "[w]ithout evidence of the nature of the crime at issue . . . or its surrounding circumstances[.]" U.S. v. Crawford, 613 F.2d 1045, 1053 (D.C. Cir. 1979); see Lewis v. Velez, 149 F.R.D. 474, 481 (S.D.N.Y. 1993) (noting that "the question of what crimes are probative of credibility is difficult and often not thoroughly explored"). That difficulty is all the more acute in a situation in which, as in the instant action, Defendants have not developed any evidence in the record relating to the specific facts underlying Mr. Velez's robbery conviction that would permit an understanding of whether and to what extent those underlying facts support a finding that the conviction has probative value. Accordingly, the record in a case like this one renders it difficult to "determine how probative (if at all) [the related] conviction may have been" to Mr. Velez's allegations in the instant civil rights action. See Crawford, 613 F.2d at 1053.

The Second Circuit has also noted the value of sufficient factual detail to meaningful FRE 403 balancing in the context of FRE 609 admissibility arguments. For example, in U.S. v. Washington, 746 F.2d 104, 106 (2d Cir. 1984), the Second Circuit stated that a litigant had not preserved a FRE 609 issue for appellate review when the record did not enable the trial judge to "compare the relevance of the prior conviction to credibility with the importance to [the defendant's] defense of having him testify free from the prejudice which might be created by reference to it."[3]

---

[3] In addition, in the event that the Court permits the admission of the fact of one conviction, Judge Newman of the Second Circuit has opined that "the incremental probative force of a second conviction is minimal[,]" while "the prejudicial effect is substantial[.]" Washington, 746 F.2d at 106-07 (Newman, J., concurring).

5

## POINT III. Defendants should be precluded from offering evidence at trial that they have received commendations, medals and awards and/or performed military service, or from offering evidence of their family's like achievements and/or service.

To be admissible under FRE 401 and 403, evidence must be both (1) relevant, and (2) not outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. See U.S. v. White, 692 F.3d 235, 246 (2d Cir. 2012); see also U.S. v. Matera, 489 F.3d 115, 121 (2d Cir. 2007) ("The district court is commanded by Rule 403 to weight the probative value against the unfair prejudice.").

With this in mind, Plaintiff respectfully requests that the Court preclude Defendants from attempting to discuss awards and/or commendations that they have received throughout their career relating to acts of bravery, valor, etc., or from attempting to discuss military service they may have performed, as such testimony is not relevant to proving or disproving any elements of disputed claims or defenses, and would only amount to impermissible bolstering of their credibility. Plaintiff also respectfully requests that the Court preclude Defendants from offering such evidence about members of their families.

Plaintiff makes this request because although a person's awards or military service, without more, does not make his or her testimony any more or less credible than that of a witness with no history of service, at the same time, such service tends to inspire favorable responses from the public at large. The fact that an individual's mention of awards received or service performed, or their family's history of the same, may cause a jury to look more favorably on the witness for that reason alone is self-evident; that such a bias would be unfairly prejudicial to the plaintiff is equally obvious. Defendants should thus not be allowed to introduce this evidence at trial, as it would amount to impermissible bolstering of their credibility.

# POINT IV. Defendants should be precluded from introducing a document titled Driver Group Search at trial.

As the Parties have developed their JPTO, Defendants have noticed their intent to admit at trial a document titled Driver Group Search which notes, among other things, that Mr. Velez had a non-driver identification at the time of the accident.

As a preliminary matter, the record has no probative value. Although a state court dismissed all criminal charges against Mr. Velez relating to the incident, his Section 1983 action does not interpose a false arrest, malicious prosecution or fair trial claim that would require any examination of his license's status at the time of the incident. When one considers the elements of the excessive force claim that is the principal allegation in this case, the status of Mr. Velez's license at the time of the incident does not tend to prove or disprove any element of the claim or defense thereto.

Even assuming, arguendo, that the status of Mr. Velez's license at the time of the incident were relevant, Mr. Velez has never disputed that he did not have a valid license at the time of the accident. Thus, the record is at best cumulative and should be excluded under FRE 403, which states that evidence—even that which is presumed to be relevant—may be excluded if it constitutes needless presentation of cumulative evidence. Fed. R. Evid. 403.

At the same time that Mr. Velez argues that the record is irrelevant and/or cumulative, he also argues that it is certainly unduly prejudicial, because it states in conclusory fashion that Mr. Velez's driver's license was at one time suspended for possession of drugs. This is the one and only place in the record where this is mentioned. The circumstances of that allegation are wholly unexplored and unexplained in the record and thus it is impossible to begin to argue whether and to what extent the Federal Rules of Evidence might address it.

# **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the relief requested herein with respect to the various areas of testimony and items of evidence which Plaintiff is seeking to preclude from admission in evidence at the trial of this matter, and for all other relief that this Court deems necessary and appropriate.

Date: New York, New York
      May 8, 2017

_____
Ryan Lozar, Attorney for Plaintiff Jose Velez
The Law Office of Ryan Lozar, PC
305 Broadway, 10th Floor
New York, New York 10007
(310) 867-1562
ryanlozar@gmail.com