UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOSE VELEZ,

                                                Plaintiff,

- against -

NYPD POLICE OFFICER MICHAEL O'BRIEN, Shield
No. 22886 of the 9th Precinct, NYPD POLICE OFFICER
PAUL JURGENS, Shield No. 23820, and JOHN DOE
POLICE OFFICERS 1-5,

                                                Defendants.

------------------------------------------------------------------------ x

**DOCKET NO.:**
15-cv-7441 (VEC)


# DEFENDANTS' MEMORANDM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO PRECLUDE TESTIMONY OF DEFENDANTS' EXPERT


*ZACHARY W. CARTER*
*Corporation Counsel for the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Matthew Stein*
*Tel: (212) 356-2105*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT

    POINT I

        PLAINTIFF'S MOTION SHOULD BE DENIED ON GROUNDS OF FAIRNESS AND GAMESMANSHIP............................................................................. 2

    POINT II

        MR. SADEGH IS QUALIFIED TO TESTIFY AS AN EXPERT WITNESS ................................................................................... 3

        A. Legal Standard ................................................................................ 3

        B. Mr. Sadegh's Opinions Meet the *Daubert* Standard of Reliability ................................................................... 4

        C. Mr. Sadegh's Opinions will not Confuse the Jury or Prejudice Plaintiff ...................................................... 6

CONCLUSION ........................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases** **Pages**

*Arista Records LLC v. Usenet.com, Inc.*,
　608 F. Supp. 2d 409 (S.D.N.Y. 2009)..................................................................................4

*Boucher v. U.S. Suzuki Motor Corp.*,
　73 F.3d 18 (2d Cir. 1996) ....................................................................................................4

*CDR-Wantagh, Inc. v. Shell Oil Co.*,
　07-CV-4497 (DRH) (ETB),
　2011 U.S. Dist. LEXIS 19717 (E.D.N.Y. Feb. 28, 2011)..............................................3, 4, 6

*Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*,
　769 F. Supp. 2d 269 (S.D.N.Y. Jan 14, 2011) .....................................................................7

*Cerqua v. Stryker Corp.*,
　2013 U.S. Dist. LEXIS 58855 (S.D.N.Y. April 23, 2013) ...................................................6

*Daubert v. Merrell Dow Pharms., Inc.*,
　509 U.S. 579 (1993).............................................................................................................4

*Ebbert v. Nassau County*,
　05-CV-5445 (FB) (AKT),
　2008 U.S. Dist. LEXIS 74213 (E.D.N.Y. Sept. 26, 2008)................................................ 3-4

*GAF Corp. v. Circle Floor Co.*,
　329 F. Supp. 823 (S.D.N.Y. July 22, 1971).........................................................................2

*Hernandez v. Leichliter*,
　2016 U.S. Dist. LEXIS 19728 (S.D.N.Y. Feb. 18, 2016).....................................................6

*Kumho Tire Company, Ltd. v. Carmichael*,
　526 U.S. 137 (1999).............................................................................................................4

*McCrobie v. Palisades Acquisition XVI, LLC*,
　664 F. App'x 81 (2d Cir. 2016) ...........................................................................................7

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
　510 F. Supp. 2d 299 (S.D.N.Y. Sept. 17, 2007) ..................................................................2

*Mulholland v. City of New York*,
　2013 U.S. Dist. LEXIS 191824 (S.D.N.Y. Aug. 27, 2013)..................................................6

*Nimely v. City of New York*,
　414 F.3d 381 (2d Cir. 2005).................................................................................................3

**Cases**                                                                                                             **Pages**

*Prendergast v. Hobart Corp.*,
    2010 U.S. Dist. LEXIS 82077 (E.D.N.Y. Aug. 12, 2010) .......................................................... 6

*Rosu v. City of N.Y.*,
    11-CV-5437 (DAB), 2012 U.S. Dist. LEXIS 178875 (S.D.N.Y. Dec. 13,
    2012), *aff'd*, 742 F.3d 523 (2d Cir. 2014) ............................................................................ 6-7

**Statutes**

Fed. R. Evid. 702 ............................................................................................................. 3, 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOSE VELEZ,

                                  Plaintiff,

- against -

NYPD POLICE OFFICER MICHAEL O'BRIEN, Shield
No. 22886 of the 9th Precinct, NYPD POLICE OFFICER
PAUL JURGENS, Shield No. 23820, and JOHN DOE
POLICE OFFICERS 1-5,

                                  Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
MEMORANDM OF LAW IN
OPPOSITION TO
PLAINTIFF'S MOTION TO
PRECLUDE TESTIMONY
OF DEFENDANTS' EXPERT**

15-cv-7441 (VEC)

## **PRELIMINARY STATEMENT**

Defendants Michael O'Brien and Paul Jurgens ("Defendants") file the instant motion opposing Plaintiff Jose Velez's ("Plaintiff") memorandum of law in support of his motion to preclude the testimony of Ali Sadegh, which was filed on April 24, 2017. Plaintiff seems to contend that Mr. Sadegh, a biomechanical engineer and accident reconstructionist, lacks the proper background to opine on the causation of plaintiff's injuries insofar as they are related to a car accident that he was involved in on September 22, 2012. However, plaintiff's arguments are severely misguided, and for the reasons set forth below, plaintiff's motion should be denied in its entirety.

## ARGUMENT

### POINT I

### PLAINTIFF'S MOTION SHOULD BE DENIED ON GROUNDS OF FAIRNESS AND GAMESMANSHIP

As an initial matter, defendants would like to highlight the disingenuous nature of plaintiff's motion. Plaintiff seeks to preclude Mr. Sadegh's opinions yet he intends to offer testimony of James Pugh, whose background is essentially identical to that of Mr. Sadegh's. (*See* Stein Decl., Ex. A, Ex. B; *see* Pls. Motion, Ex. 1, Ex. 2). Both men are professional engineers (P.E.'s), and both men have a Ph.D in the field of mechanics/engineering (Mr. Sadegh is also a licensed accident reconstructionist while Mr. Pugh is not). (*See Id.*). In fact, in his report, Mr. Pugh states that "his opinions are rendered to a reasonable degree of engineering, scientific, and biomechanical certainty." (Stein Decl., Ex. A p. 1). Similarly, Mr. Sadegh's report states that his "opinions in this case are based on [his] knowledge and experience in the field of accident reconstruction, biomechanics and mechanical engineering, and are within a reasonable degree of engineering and biomechanics certainty." (Pls. Motion, Ex. 1). Additionally, in forming their opinions, both Mr. Sadegh and Mr. Pugh relied on *identical* documents and records produced by both parties in this case during discovery (Pls. Motion, Ex. 2; Stein Decl., Ex. B). By moving to preclude an expert with nearly identical qualifications as his own purported expert, plaintiff is engaging in "a form of gamesmanship from which the processes of a busy Court should not suffer." *GAF Corp. v. Circle Floor Co.*, 329 F. Supp. 823, 830 (S.D.N.Y. July 22, 1971); *see In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.,* 510 F. Supp. 2d 299, 330 (S.D.N.Y. Sept. 17, 2007) ("With respect to fairness, it is perhaps even more compelling to deny defendants' motion given the unique facts of this case. In many ways, defendants' motion, both in its content and its

timing, is gamesmanship in its purest form"). Accordingly, plaintiff's motion should be denied for this reason alone.

## POINT II

### MR. SADEGH IS QUALIFIED TO TESTIFY AS AN EXPERT WITNESS

Notwithstanding the misguided nature of plaintiff's motion, he incorrectly asserts that Mr. Sadegh lacks the prerequisite qualifications to testify as an expert witness, and that his opinion would not be helpful to a jury. His argument fails for the reasons set forth below.

**A. Legal Standard**

Rule 702 of the Federal Rules of Evidence sets forth the standard for admissibility of expert testimony. The rule provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Rule 702 sets forth three basic requirements: [Th]e witness must be qualified as an expert to testify as to a particular matter, the testimony must be based on reliable data and methodology, and the testimony must assist the trier of fact. *See CDR-Wantagh, Inc. v. Shell Oil Co.*, 07-CV-4497 (DRH) (ETB), 2011 U.S. Dist. LEXIS 19717, *21-22 (E.D.N.Y. Feb. 28, 2011) (citing *Nimely v. City of New York*, 414 F.3d 381, 395 (2d Cir. 2005)). "Weighing whether the expert testimony assists the trier of fact goes primarily to relevance." *CDR-Wantagh, Inc.*, 2011 U.S. Dist. LEXIS 19717 at *30. Thus, in order to be admissible, expert testimony must be "not only relevant, but reliable." *Ebbert v. Nassau County*, 05-CV-5445 (FB) (AKT), 2008 U.S.

Dist. LEXIS 74213, at 11 n. 5 ((E.D.N.Y. Sept. 26, 2008) (citing *Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999)).

The Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (quoting *Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579*, 597 (1993)). "[E]xpert testimony should be excluded if it is speculative or conjectural." *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996) (internal citations omitted); *accord Arista Records LLC v. Usenet.com, Inc.*, 608 F. Supp. 2d 409, 423 (S.D.N.Y. 2009). In assessing whether expert testimony should be admitted, the trial court acts as a "gatekeeper," in order to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co.,* 526 U.S. at 152. While the Supreme Court first described the court's "gatekeeping" role in the context of scientific testimony, *Daubert*, 509 U.S. 579, it later clarified that this "gatekeeping" obligation applies to "all expert testimony," in keeping with Rule 702's reference to "technical" and "other specialized" knowledge. *Kumho Tire Co.,* 526 U.S. at 147-48, 151.

**B.      Mr. Sadegh's Opinions Meet the *Daubert* Standard of Reliability**

Plaintiff contends that Mr. Sadegh's report is "unreliable insofar as his qualifications do not support that his testimony would aid a jury in determining questions of injury causation in this case." (See Pl's Motion, p. 6). At the outset, plaintiff misconstrues the meaning of "reliability" as it applies to expert witnesses pursuant to Fed. R. Evid. 702. The rule dictates that an expert witness's testimony must "be based on reliable data and methodology." *See CDR-Wantagh, Inc.* 07-CV-4497 (DRH) (ETB), 2011 U.S. Dist. LEXIS 19717, *21-22.

Consequently, plaintiff's motion is silent as to whether Mr. Sadegh's used reliable data and methods to reach his conclusion, and should be denied.

Instead, plaintiff cites to Mr. Sadegh's C.V., noting that Mr. Sadegh "does not demonstrate any expertise in medical or biological issues," and claims that Mr. Sadegh should not be able to opine on the causation of plaintiff's injuries. (Pls. Motion, p. 7). However, plaintiff's counsel simply did not read or merely overlooked a significant portion of Mr. Sadegh's credentials. Mr. Sadegh's experience in medical and biological issues includes but is far from limited to the following, all of which are documented in his C.V.: Member of International Scientific Advisory Committee of Computer in Biomedical Conferences; Member, BMES, Biomedical Engineering Society; Member, AAAM-Association for the Advancement of Automotive Medicine; affiliated with the NY Center for Biomedical Engineering at the City College of New York; Doctoral Faculty of Dept. of Biomedical Engineering at The City University of New York; peer reviewer for the International Journal of Computers in Biology and Medicine. (CITE). Clearly, and contrary to plaintiff's incorrect claim, Mr. Sadegh possesses a vast amount of experience in the fields of biology and medicine (biomedicine), especially as they relate to possible causes of car accidents. (*Id*.). And while engineering may be Mr. Sadegh's primary focus, he certainly possesses the prerequisite experience to opine on the causation of injuries (none of which are in dispute) that may have been suffered during a car accident. Even more significantly, Mr. Sadegh is a certified (emphasis added) accident reconstructionist, making him an ideal candidate to offer his opinion as to the cause of injuries sustained during a car accident. (*Id*.).

In addition to overlooking Mr. Sadegh's experience in the field of biomedicine and engineering, plaintiff also cites several cases in which Mr. Sadegh has offered expert

testimony. (*See* Pls. Motion, pp. 7, 9). However, none of the cases cited by plaintiff involve car accident reconstruction, Mr. Sadegh's primary focus. For example, plaintiff refers to *Cerqua v. Stryker Corp.*, 2013 U.S. Dist. LEXIS 58855 (S.D.N.Y. April 23, 2013), a case arising out of a hip-replacement surgery.[1] In *Cerqua*, Mr. Sadegh, an expert in medical engineering, was retained to examine a prosthetic hip. *Id*. Whether he was able to opine on causation relating to the surgery itself has no bearing on his ability to testify as a car accident reconstructionist, which as stated *infra*, is one of Mr. Sadegh's primary expertise. Accordingly, and as evidenced by his C.V., Mr. Sadegh has demonstrated the prerequisite knowledge and experience to be qualified as an expert in engineering and car accident reconstruction, which certainly allows him to opine on the causation of plaintiff's injuries as they may relate to the car accident.[2]

**C.    Mr. Sadegh's Opinions will not Confuse the Jury or Prejudice Plaintiff**

Plaintiff's counsel also seeks to preclude Mr. Sadegh's opinion on the grounds that it will confuse the jury and prejudice plaintiff. (*See* Pls. Motion). And although defendants agree that the testimony of an expert witness must "assist the trier of fact," plaintiff fails to cite to a single case to support his argument seeking to preclude Mr. Sadegh's opinion on the basis of confusion or prejudice. *See CDR-Wantagh, Inc.* 07-CV-4497 (DRH) (ETB), 2011 U.S. Dist. LEXIS 19717, *21-22; *see also Rosu v. City of N.Y.*, 11-CV-5437 (DAB), 2012 U.S. Dist.

---

[1] Plaintiff also cites to *Mulholland v. City of New York*, 2013 U.S. Dist. LEXIS 191824 (S.D.N.Y. Aug. 27, 2013), in which the Court determined that Mr. Sadegh would not opine on causation only because he had not reviewed the plaintiff's medical records. It is undisputed that here, plaintiff's medical records were reviewed by Mr. Sadegh. (Stein Decl., Ex. A). Finally, plaintiff relies on *Prendergast v. Hobart Corp.*, 2010 U.S. Dist. LEXIS 82077 (E.D.N.Y. Aug. 12, 2010), a case arising out of dispute about a commercial dishwasher, which has no bearing on Mr. Sadegh's expertise as a car accident reconstructionist.

[2] It is worth noting that in *Hernandez v. Leichliter*, 2016 U.S. Dist. LEXIS 19728, (S.D.N.Y. Feb. 18, 2016), a case that is actually *about* a car accident, the Court precluded Mr. Pugh from testifying in any capacity including causation, noting Pugh's "failure to point to any technical or scientific basis for his conclusion."

LEXIS 178875, at *8 (S.D.N.Y. Dec. 13, 2012), *aff'd*, 742 F.3d 523 (2d Cir. 2014) (denying motion to dismiss because defendant cited no case law in support of argument); *see also McCrobie v. Palisades Acquisition XVI, LLC*, 664 F. App'x 81, 82 (2d Cir. 2016) (summary order) (defendant failed to cite relevant case law in support of argument in favor of dismissal). Thus, plaintiff's motion should be denied on these grounds.

Notwithstanding the foregoing, plaintiff's arguments are misguided, as they go to the weight, not the admissibility of Mr. Sadegh's opinions. *See Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, 769 F. Supp. 2d 269 (S.D.N.Y. Jan 14, 2011)("questions over whether there is a sufficient factual basis for an expert's testimony may go to weight, not admissibility"). Plaintiff contends that Mr. Sadegh did not provide enough information in his report to support his opinion that because the plaintiff was unconscious during the accident, it is likely that his foot remained on the gas even after hitting the first parked car. (Pls. Motion, p. 9).[3] Mr. Lozar is, of course, free to cross-examine Mr. Sadegh should he testify, but none of the arguments set forth in his motion warrant preclusion of Mr. Sadegh's opinions.

The same reasoning applies to plaintiff's argument that Mr. Sadegh did not offer an explanation as to how *exactly* plaintiff's injuries were sustained, other than stating his conclusion that the injuries were sustained in the car accident, likely from the impact with the Jeep and/or the Acura. (*See* Pls. Motion, Ex. 1). Defendants argue that Mr. Sadegh's conclusions are sufficiently based on his knowledge and experience as a certified accident reconstructionist, and his report sets forth a detailed explanation as to how Mr. Sadegh reached his conclusions.

---

[3] In his motion, plaintiff's counsel denies the fact that his client was unconscious when he got into the accident. (*See* Pls. Motion, p. 9). However, during his deposition, plaintiff himself *admitted* that he was unconscious after he made the left turn, which is why Mr. Sadegh concluded that plaintiff's foot remained on the gas pedal after crashing into the first parked car. (*See* Stein Decl. Ex. A, Ex. C, pp. 73).

Once again, plaintiff's counsel may cross-examine Mr. Sadegh on his conclusions if he testifies, but nothing about Mr. Sadegh's opinions precludes him from testifying as an expert witness.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court deny plaintiff's motion in its entirety, together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         May 5, 2017

> ZACHARY W. CARTER
> Corporation Counsel of the City of New York
> Attorney for Defendants
> 100 Church Street
> New York, New York 10007
> (212) 356-2105
>
> By:  /s/
>
> Matthew Stein
> Assistant Corporation Counsel

VIA ECF

Ryan Lozar, Esq.
*Attorney for Plaintiff*
Law Office of Ryan Lozar
305 Broadway, 9th Floor
New York, NY 10007
Phone: (310) 867-1562

- 8 -