UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOSE VELEZ,

                                                      Plaintiff,

                - against -

**DOCKET NO.:**
15-cv-7441 (VEC)

NYPD POLICE OFFICER MICHAEL O'BRIEN, Shield
No. 22886 of the 9th Precinct, NYPD POLICE OFFICER
PAUL JURGENS, Shield No. 23820, and JOHN DOE
POLICE OFFICERS 1-5,

                                                      Defendants.

------------------------------------------------------------------------ x

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*

*Zachary W. Carter*
Corporation Counsel for the City of New York
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:* Matthew Stein
                Tel: (212) 356-2105

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................iii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 1

        I.      DEFENDANTS INTEND TO INTRODUCE THE DRIVER GROUP SEARCH FOR IMPEACHMENT PURPOSES ONLY ................................................................. 2

       II.     PLAINTIFF'S FELONY CONVICTIONS ARE ADMISSIBLE PURUANT TO RULE 609 ................................................................. 3

CONCLUSION .................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blake v. City of New York*,
  No. 05 Civ. 6652 (BSJ), 2007 U.S. Dist. LEXIS 95913 (S.D.N.Y. July 13,
  2007) ................................................................................................................................4

*Daniels v. Loizzo*,
  986 F. Supp. 245 (S.D.N.Y. Dec. 29, 1997) ....................................................................4

*Jackson v. Lee*,
  2010 U.S. Dist. LEXIS 121055 (E.D.N.Y. Nov. 17, 2010)..............................................2

*Jean-Laurent v. Hennessy*,
  840 F. Supp. 2d 529 (E.D.N.Y. Oct. 24, 2011)................................................................5

*Robinson v. Troyan*,
  No. CV 07-4846 (ETB), 2011 U.S. Dist. LEXIS 128945 (E.D.N.Y. Nov. 8,
  2011) .............................................................................................................................4, 5

*Sullivan v. Newburgh Enlarged Sch. Dist.*,
  281 F. Supp. 2d 689 (S.D.N.Y. Sept. 8, 2003) .................................................................5

*United States v. Estrada*,
  430 F.3d 606 ....................................................................................................................4

**Other Authorities**

Fed. R. Evid. 403 ......................................................................................................................5

Fed. R. Evid. 609 ..............................................................................................................3, 4, 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOSE VELEZ,

                                                                                      Plaintiff,

- against -

NYPD POLICE OFFICER MICHAEL O'BRIEN, Shield
No. 22886 of the 9th Precinct, NYPD POLICE OFFICER
PAUL JURGENS, Shield No. 23820, and JOHN DOE
POLICE OFFICERS 1-5,

                                                                                      Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
MEMORANDUM OF LAW
IN OPPOSITION TO
PLAINTIFF'S MOTIONS *IN
LIMINE***

15-cv-7441 (VEC)

## PRELIMINARY STATEMENT

Defendants Michael O'Brien and Paul Jurgens ("Defendants") file the instant motion opposing Plaintiff Jose Velez's ("Plaintiff") memorandum of law in support of his motion *in limine* ("Pl. Motion") filed on May 9, 2017. Plaintiff seeks to exclude various documents and evidence in connection with his claim of excessive force stemming from his arrest on September 22, 2012. However, for the reasons set forth below, as well as the reasons stated in defendants' pretrial submissions concerning matters to be resolved *in limine* ("Defs. Motion"), plaintiff's motion *in limine* should be denied.

## ARGUMENT

Plaintiff seeks to preclude the following: (1) evidence relating to plaintiff's financial status; (2) evidence relating to plaintiff's criminal history; (3) evidence of any awards or achievements attained by defendants; (4) the Driver Group Search. (*See* Pl. Motion). At the outset, defendants state that they do not intend on offering evidence relating to plaintiff's financial status or evidence of any awards or achievements attained by defendants, but reserve

1

their right to use such evidence for impeachment purposes should plaintiff open the door. *See Jackson v. Lee*, 2010 U.S. Dist. LEXIS 121055 *100 (E.D.N.Y. Nov. 17, 2010) (when a witness offers testimony that is in conflict with precluded evidence, that witness "opens the door on the issue in question, and the witness is properly subject to impeachment" by use of the precluded evidence) (internal quotations omitted).

## POINT I

### DEFENDANTS INTEND TO INTRODUCE THE DRIVER GROUP SEARCH FOR IMPEACHMENT PURPOSES ONLY

Plaintiff has moved to preclude the introduction of a document called Driver Group Search. (*See* Pl. Motion; Stein Decl., Ex. A). While defendants do not intend to offer this document into evidence as part of their direct case, they do reserve their right to offer it should the need for impeachment arise. *See Lee*, 2010 U.S. Dist. LEXIS 121055. Specifically (and as admitted by plaintiff), plaintiff admits he did not have a valid license on September 22, 2012 when he got into the car accident. (*See* Pl. Motion, p. 7). If plaintiff changes this admission, defendants reserve the right to use the Driver Group Search to impeach him.

## POINT II

### PLAINTIFF'S FELONY CONVICTIONS ARE ADMISSIBLE PURSUANT TO RULE 609

Plaintiff also seeks to preclude mention of his criminal history. (*See* Pl. Motion). However, evidence of his criminal history is clearly admissible under Fed. R. Evid. 609(a)(1) to impeach plaintiff for his truthfulness. Specifically, defendants intend to elicit evidence of the following convictions: (1) Robbery in the 1st Degree (in full satisfaction of Criminal Possession of a Weapon in the 2nd Degree and Attempted Robbery in the 1st Degree), convicted on January 14, 1998 and released from custody on May 3, 2010; (2) Robbery in the 3rd Degree (in full

satisfaction of Grand Larceny in the 4th Degree), convicted on November 6, 2013; (3) Robbery in the 3rd Degree, convicted on November 2, 2015. (*See* Stein Decl., Ex. B, pp. 4, 7, 11).

Because it is undisputed that Plaintiff's conviction satisfies the preliminary requirements of Fed. R. Evid. 609(a)(1), the issue is whether it survives the balancing test under Fed. R. Evid. 403.[12] "Accordingly, in balancing the probative value of a prior conviction against its prejudicial effect under Rule 609(a)(1), courts examine the following factors: (1) the impeachment value of the prior conviction; (2) the remoteness of the prior conviction; (3) the similarity between the prior conviction and the conduct at issue; and (4) the importance of the credibility of the witness." *Robinson v. Troyan*, No. CV 07-4846 (ETB), 2011 U.S. Dist. LEXIS 128945 (E.D.N.Y. Nov. 8, 2011).

Contrary to Plaintiff's assertions, the aforementioned convictions satisfy all four factors in favor of admission. Regarding the first factor, the Second Circuit has held that the impeachment-veracity value of certain felony convictions, particularly crimes involving theft, are highly probative of a witness's credibility. *See United States v. Estrada*, 430 F.3d 606, 618-19, 621 (permitting evidence of a witness's larceny convictions); *see also Blake v. City of New York*, No. 05 Civ. 6652 (BSJ), 2007 U.S. Dist. LEXIS 95913, at *2-4 (S.D.N.Y. July 13, 2007) (permitting examination of plaintiff's grand larceny conviction to impeach his credibility). In *Estrada*, 430 F.3d 606, 618, the Second Circuit held that "similarly high on the [veracity] scale

---

[1] Plaintiff admits that his robbery conviction in 2015 satisfies the 10 year requirement of Rule 609. (*See* Pl. Motion). Accordingly, plaintiff's 2013 robbery conviction is clearly within the 10 year window prescribed by Rule 609, as is plaintiff's 1998 conviction, because plaintiff was not released from custody until 2010. (*See* Stein Decl., Ex. B, p. 11).

[2] Rule 609 states, in pertinent part: (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction: (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence: (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant.

are crimes that involve evasions of responsibility or abuse of trust." Clearly the crime of Robbery, of which plaintiff was convicted three times, involves a high abuse of trust, and thus tips the scale in favor of admissibility regarding the first factor stated above. (*See* Stein Decl., Ex. B).

As for the second factor, none of the convictions (2013, 2015, and release from custody in 2010) are very remote, especially as plaintiff is currently incarcerated for the 2013 and 2015 convictions. *Troyan*, No. CV 07-4846 (ETB), 2011 U.S. Dist. LEXIS 128945 (holding that the plaintiff's convictions in 2004 and 2007 were not remote enough to diminish their probative value); (*See* Pl. Motion; *see* Stein Decl., Ex. B). Regarding the third factor, there are absolutely no similarities between plaintiff's prior convictions (Robbery) and plaintiff's conduct in this case, which weighs strongly in favor of admission. *See id.*

Finally, the fourth factor, the importance of the credibility of the witness, weighs extremely heavily in favor of admission. In fact, plaintiff's entire case rests on his credibility, and thus, the jury is entitled to hear evidence of these past convictions. *See Troyan*, No. CV 07-4846 (ETB), 2011 U.S. Dist. LEXIS 128945 (stating that plaintiff's credibility was of profound importance, and admitting prior convictions of Attempted Burglary and Promoting Prison Contraband); *see also Daniels v. Loizzo*, 986 F. Supp. 245, 251 (S.D.N.Y. Dec. 29, 1997) (deeming plaintiff's prior conviction to be admissible, and holding that the fourth factor of the balancing test weighted heavily in favor of admitting the prior conviction because "plaintiff's credibility on the stand is [] of decisive importance."

In his motion, plaintiff cites several cases to support his argument that his prior criminal convictions should not be admissible. (*See* Pl. Motion). However, the cases he references are distinguishable from the current case. For example, in *Sullivan v. Newburgh*

*Enlarged Sch. Dist.*, 281 F. Supp. 2d 689 (S.D.N.Y. Sept. 8, 2003), the defendants moved to preclude the criminal history of defendant Ronald Thomas, a social worker. The Court granted defendants' motion, notably because plaintiff did not oppose it, and because Mr. Thomas' prior conviction was "so remote in time as to have no probative value." *Id* at 710. That is not the case here. Additionally, plaintiff's reliance on *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 539 (E.D.N.Y. Oct. 24, 2011), is just plain wrong. In *Hennessy*, the Court precluded evidence of a *misdemeanor* (emphasis added) drug conviction, which requires a further balancing test under Rule 609. *Id*. However, Rule 609 dictates that *felony* (emphasis added) convictions within 10 years "must be admitted." Accordingly, plaintiff's Robbery convictions are admissible, and should be admitted pursuant to Rule 609.

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court deny Plaintiff's motion, together with such other and further relief as the Court deems just.

Dated: New York, New York
May 15, 2017

                                      ZACHARY W. CARTER
                                      Corporation Counsel of the City of New York
                                      Attorney for Defendants
                                      100 Church Street
                                      New York, New York 10007
                                      (212) 356-2105

By: /s/

Matthew Stein
*Assistant Corporation Counsel*

<u>VIA ECF</u>

Ryan Lozar, Esq.
*Attorney for Plaintiff*
Law Office of Ryan Lozar
305 Broadway, 9th Floor
New York, NY 10007
Phone: (310) 867-1562