UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

JOSE VELEZ,

Plaintiff, 15-cv-7441 (VEC)

- against -

**JOINT PRETRIAL ORDER**
***DRAFT***

NYPD POLICE OFFICER MICHAEL O'BRIEN, Shield No. 22886 of the 9th Precinct, NYPD POLICE OFFICER PAUL JURGENS, Shield No. 23820, and JOHN DOE POLICE OFFICERS 1-5,

Defendants.
------------------------------------------------------------------ x

The plaintiff Jose Velez and the defendants, Michael O'Brien and Paul Jurgens submit the following as and for the Joint Pre Trial Order**.**

**I. The full caption of the action is as follows:** See above.

**II. The names, addresses (including firm names), and telephone and fax numbers of trial counsel:**

RYAN LOZAR, ESQ.[1]
*Attorney for Plaintiff*
Law Office of Ryan Lozar
305 Broadway, 9th Floor
New York, NY 10007
Phone: (310) 867-1562
Email: ryanlozar@gmail.com

MATTHEW E. STEIN. ESQ.[2]
*Attorney for Defendants O'Brien and Jurgens*
New York City Law Department
100 Church Street
New York, New York 10007
Phone: (212) 356-2105
Fax: (212) 356-3509
Email: mstein@law.nyc.gov

---

[1] Plaintiff anticipates assigning an additional trial counsel.

[2] Defendant anticipates assigning an additional trial counsel.

**III. Jurisdiction**:

Jurisdiction lies with this Court because it raises Section 1983 claims and the underlying events occurred in the East Village in the Southern District of New York. The Parties do not dispute that the Court has subject matter jurisdiction over the claims, or personal jurisdiction over the Parties.

**IV. Claims and defenses to be tried[3]**:

**Plaintiff's Statement:**

**Claims to be tried:**

Plaintiff brings for jury trial a Section 1983 Claim for Excessive Force against both Individual Defendants. In addition, Plaintiff alleges a failure to intervene to prevent excessive force claim against both Individual Defendants. Docket No. 11.

**Defendants' Statement:**

**Claims to be tried:**

1. Defendants maintain that plaintiff cannot prove that excessive force was used, and to the extent force was used, plaintiff cannot prove that such force was unreasonable in light of the circumstances alleged by plaintiff.
2. Section 1983 Claim for Excessive Force as to both defendants (Amended Complaint,¶¶ 22-26, and to the extent pled elsewhere in the Amended Complaint).

**Defenses to be tried:**

1. The amended complaint fails to state a claim upon which relief can be granted. (See Answer to Amended Complaint);
2. Any injury alleged to have been sustained resulted from plaintiff's own culpable or

[3] The Parties reserve the right to make further objections to these characterizations at the time of trial.

negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants. (See Answer to Amended Complaint);

3. Defendants have not violated any rights, privileges, or immunities under the Constitution of laws of the United States or the State of New York or any political subdivision thereof, nor has Defendant violated any acts of Congress providing for the protection of civil rights. (See Answer to Amended Complaint);
4. Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity. (See Answer to Amended Complaint);
5. Plaintiff provoked any incident. (See Answer to Amended Complaint);
6. Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk. (See Answer to Amended Complaint);
7. To the extent that one or more defendants used any force, it was reasonable, justified, and necessary to accomplish Defendants' official duties and to protect their own physical safety and the safety of others. (See Answer to Amended Complaint);
8. Plaintiff may have failed to mitigate damages. (See Answer to Amended Complaint);
9. Punitive damages cannot be received against any defendant, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law. (See Answer to Amended Complaint).

**Claims Previously Asserted which are Not to be Tried:**

1. None.[4]

[4] Defendants do not believe that plaintiff's failure to intervene claim should be tried.

**Defenses Previously Asserted which are Not to be Tried:**

1. Plaintiff's action is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel. (See Answer to Amended Complaint);

2. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel. (See Answer to Amended Complaint);

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**V. A statement as to the number of trial days needed and whether the case is to be tried with or without a jury:**

The parties request a jury and estimate the trial will last approximately three (3) days.

**VI. A statement as to whether all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).**

The parties have not consented to trial of the case by a Magistrate Judge.

**VII. Any stipulations or statements of fact or law which have been agreed to by all parties:**

The Parties stipulate that Defendants were acting under color of state law at the time of the incident.

**VIII. A statement of the damages claimed and any other relief sought, including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages:**

Mr. Velez claims compensatory damages in an amount to be determined by the jury. The compensatory damages arise from Defendants' use of excessive force, which proximately caused Mr. Velez to suffer a variety of physical injuries documented by the evidentiary record including, but not limited to, a bloody nose, laceration to his left forehead, facial trauma, a displaced right nasal bone fracture, left frontal and suborbital swelling and hematoma, right premaxillary soft tissue swelling, abrasion over his left brow and swelling over his right zygoma. See Haywood v. Koehler, 78 F.3d 101, 102 (2d Cir. 1996) (stating that if a plaintiff's injuries were caused by a

defendant's use of excessive force, a jury's failure to award some compensatory damages will be set aside). In addition to the fact of these physical injuries being supported by documentary evidence in the form of medical records, Mr. Velez testified at deposition about the fact of the injuries, and elaborated upon the extent and severity of them, and his trial testimony will do the same.

In addition to physical injuries, Mr. Velez suffered emotional, mental and/or psychological injuries as a result of the incident, as he recounted in his deposition testimony, and he will ask the jury to award damage for that as well. See Gertz v. Robet Welch, Inc., 418 U.S. 323, 350 (1974) (stating that compensatory damages may include, among other things, mental anguish and suffering).

Although compensatory damages may, depending on the circumstances, suffice to deter constitutional violations, Mr. Velez seeks punitive damages against Defendants, again leaving the amount for a jury to decide. Here, again, Mr. Velez's testimony as well as other record evidence would permit a jury to find factual and legal support for a punitive damages award. In other words, a reasonably jury could from this record find that when Defendants used excessive force upon Mr. Velez, the wrong they committed—punching Mr. Velez repeatedly in the face after he had already been handcuffed—was driven by "reprehensible motives." Walker v. Sheldon, 10 N.Y.2d 401, 404 (1961). On such facts, a jury may award punitive damages in order to punish a defendant and/or to "deter him, as well as others who might otherwise be so prompted, from indulging in similar conduct in the future." Id.

In terms of a specific dollar amount corresponding to Mr. Velez's compensatory and/or punitive damages claims, Mr. Velez will await the Court's guidance. In Mr. Velez's opposition to Defendants' motions in limine, he argued for the opportunity to suggest an amount or range to

the jury. In so doing, Mr. Velez cited Second Circuit case law leaving it to a trial judge's discretion to decide whether to permit this, while also suggesting that a plaintiff's counsel had not been wise to submit his case to a jury without suggesting a proposed damages amount in his closing. See Stanczyk v. City of N.Y., 752 F.3d 273 (2d Cir. 2014); Lightfoot v. Union Carbide Corp., 100 F.3d 898 (2d Cir. 1997).

**IX. A statement as to whether the parties consent to less than a unanimous verdict:**

The parties do not consent to a less than unanimous verdict.

**X. A list of all trial witnesses that indicates whether the witnesses will testify in person or by deposition, and a brief summary of the substance of each witness's testimony:**

**The Plaintiff's Initial List of Witnesses[5]:**

1. Plaintiff Jose Velez.

2. Defendant Michael O'Brien.

3. Defendant Paul Jurgens.

4. Johanna Lopez Ramos. Ms. Lopez Ramos, whom the Parties have been unable to locate to date, but who has been noticed as a fact witness on multiple disclosures, allegedly has information relating to statements made by Defendant Officers at Bellevue Hospital regarding whether and why the Defendant Officers used force upon Mr. Velez. Last week, Defendants asked Plaintiff to seek updated information for Ms. Lopez Ramos, and Plaintiff is in the process of making related inquiries.

5. Percy Bond. Mr. Bond has been noticed as a fact witness on multiple disclosures, has information relating to Mr. Velez's condition at the time of the incident, which is relevant to any claim that Defendants' use of force upon Mr. Velez was proportionate to the situation and/or to injury causation. Mr. Bond allegedly signed a supporting deposition regarding his observations a few days after the incident.

6. Plaintiff's treating physicians and/or nurses at Bellevue Hospital and/or New York City Department of Health and Mental Hygiene, Correctional Health Services. These medical service providers provided certified copies of Plaintiff's medical records in response to Party FRCP 45 subpoenas such that individual treating doctors and/or nurses may not be necessary at trial to authenticate records. However, in the event that authenticating

[5] Defendants reserve the right to call any and all witness listed by Plaintiff. Plaintiff reserves the same right with respect to Defendants' witnesses.

witnesses are necessary, these medical professionals—for example, Harvey G. Moore, MD; Christopher Caspers, MD, Cynthia Rodriguez, RN, and more—are in a position to authenticate the records and/or testify as to observations made therein.

7. The owners of the parked vehicles that were struck by Mr. Velez's vehicle prior to Mr. Velez's contact with the Defendant Officers. These individuals, all of whom have been noticed in disclosures throughout discovery, have information about the positioning of their respective vehicles from the corner where Mr. Velez turned onto East 11th Street from Avenue D. These individuals are: Donald Hans, Jared Levy, Jonathan Leonard, David and Annie Bett and Hsueh Chen. Information regarding the positioning of any one of these parked vehicles will aid a fact finder in understanding how close in time the incident occurred relative to Mr. Velez's turn, which in turn bears on how fast his vehicle was going at the time he hit the parked cars.

8. Police Office Jose Diaz, who performed a test on Mr. Velez relating to his alleged intoxication, and who failed to record or photograph the test in connection with Department protocols.

9. Civilian witnesses of the incident who telephoned 911 to report what they saw. Their testimony relates to where the accident occurred, where Mr. Velez's interactions with law enforcement occurred, and the timing of the same.

10. Police officer witnesses of the incident who responded to the scene. Their testimony relates to where the accident occurred, where Mr. Velez's interactions with law enforcement occurred, and the timing of the same.

11. Various insurance company and repair shop employees. Their testimony is relevant for the purposes of authenticating the insurance and repair records for the vehicles involved in the incident. On information and belief, because these records were certified as true and accurate copies of records created and compiled in the ordinary course of business, they are admissible at trial pursuant to FRE hearsay exceptions, and Plaintiff hopes that the Parties can stipulate thereto.

**Plaintiff's Expert Witness:**

12. Plaintiff's Expert Dr. James Pugh, whose opinion examines the likely timing of the inflation of Mr. Velez's airbag; the speed of Mr. Velez's vehicle at the time; how the size and shape of Mr. Velez's body affected whether and to what extent the inflated airbag may have caused him any injury and, if so, of what nature; the number and concussive nature of Mr. Velez's head and face injuries, and what the injuries' number and nature mean for the viability of the Parties' respective injury causation theories in this case; and more.

**Defendants' Fact Witnesses:**

1. Detective Michael O'Brien, Shield No. 810, New York City Police Department, Queens

    Gang Squad, c/o Matthew Stein, New York City Law Department, 100 Church St., New York, NY 10007 – expected to testify to the facts and circumstances surrounding plaintiff's arrest on September 22, 2012;

2. Sergeant Paul Jurgens, Shield No. 3116, New York City Police Department, 113rd Precinct, c/o Matthew Stein, New York City Law Department, 100 Church St., New York, NY 10007 – expected to testify to the facts and circumstances surrounding plaintiff's arrest on September 22, 2012;

3. Esteban Molina, 202 West 118th St., Apt. 34, New York, NY 10026 – witness to the incident.

**Defendants' Expert Witnesses:**

4. Ali M. Sadegh, Ph.D., P.E., CMfgE. – expected to testify with a reasonable degree of scientific certainty as to the details of the car accident involving plaintiff, as well as to the causation of plaintiff's injuries.

**XI. Requests to Charge, Joint Proposed *Voir Dire* questions, and Joint Proposed Verdict Sheet:**

Contemporaneous with the filing of this pretrial order, the parties will file the following documents for the Court's consideration: (i) Joint Proposed Requests to Charge, (ii) Joint Proposed Voir Dire Questions, and (iii) a Joint Proposed Verdict Sheet.

**XII. Trial Exhibits For Use In Case-In-Chief**[6]

**Plaintiff's List of Exhibits:**

| Ex. | Description | Objection | Response |
|---|---|---|---|
| P-1 | Arrest Report D1-3 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-2 | Complaint Report D4-6 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-3 | Certificate of | FRE 402 (relevance); FRE | Relevant; FRE 402; FRE 801 |

[6] If the Parties narrow the exhibits even further by the time of related conference, we will submit a revised list to the Court.

| | | | |
|---|---|---|---|
| | Disposition D9 | 802 (hearsay);<br>FRE 403 (unclear/confusing) | (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-4 | Criminal Complaint D10-11 | FRE 402 (relevance); FRE 802 (hearsay);<br>FRE 403 (unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403; (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-5 | SPRINT Report D20-25, D224-229 | FRE 402 (relevance); FRE 802 (hearsay);<br>FRE 403 (unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613; FRE 901-903 |
| P-6 | Evidence Voucher D26-27 | FRE 402 (relevance); FRE 802 (hearsay);<br>FRE 403 (unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613; FRE 1007 |
| P-7 | O'Brien Memo Book D30-34 | FRE 402 (relevance); FRE 802 (hearsay);<br>FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-8 | Accident Report D35-37, D214-216, PL207-208, PL321, PL666, PL668-672, PL747-752 | FRE 402 (relevance); FRE 802 (hearsay);<br>FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-9 | NYPD Arrest Report D39 | FRE 402 (relevance); FRE 802 (hearsay);<br>FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-10 | Diaz Supporting Depo, D43 | FRE 402 (relevance); FRE 802 (hearsay);<br>FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-11 | Diaz Non-Performance of Video Test Form, D44 | FRE 402 (relevance); FRE 802 (hearsay);<br>FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE |

| | | | |
|---|---|---|---|
| | | | 607, 612, 613. |
| P-12 | Diaz IDTU Technician Test Report, D46 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-13 | Diaz Chemical Test Analysis, D47 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-14 | Intoxicated Driver Examination (Arresting Officer) D48, D45 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-15 | Diaz Arresting Officer's IDTU Report, D49 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-16 | Diaz, Intoxicated Driver Examination Instruction Sheet, D50 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-17 | 7th Precinct, Intoxilyzer-Alcohol Analyzer, D51 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-18 | Percy Bond Supporting Deposition, D81 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-19 | Datasheet, D88-90 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-20 | NYPD Arrest Report Typed D91-92 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 |

| | | | |
|---|---|---|---|
| | | (fragment/unclear/confusing) | (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-21 | Prisoner Movement Slip D125 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-22 | Bellevue Medical Records D126-204 | No objection, provided records are complete and certified | |
| P-23 | Diaz Memo Book D221-223 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-24 | Roll Call D230-245 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-25 | SPRINT Report TRAUMA D246-249 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-26 | Command Log D250 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-27 | Jurgens Memo Book D254-257 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-28 | Murray Memo Book D217-219, D258-261 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-29 | Radosta Memo Book, D262-263 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially |

| | | | |
|---|---|---|---|
| | | | outweigh probative value); FRE 607, 612, 613. |
| P-30 | Beirne Memo Book, D268-271 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-31 | Occupational Health Nursing Exposure Report, D272-273 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-32 | Photos of Velez Vehicle, PL1-3 | FRE 402 (relevance); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-33 | Medical Treatment of Prisoner Form, PL59 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-34 | Photos of Street, PL202-206 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing), FRE 901 | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-35 | Maps, PL209-212 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing), FRE 901 | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-36 | Photos of Street, PL213-219 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing), FRE 901 | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-37 | Photo Jared Levy car, PL220 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing), FRE 901 | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-38 | NYPD Radio Signal Codes, PL221-223 | FRE 402 (relevance); FRE 802 (hearsay); | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 |

| | | | |
|---|---|---|---|
| | | FRE 403 (fragment/unclear/confusing) | (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-39 | NYPD Patrol Guide Procedure Nos. PL288-320 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-40 | Bellevue Radiological Records and Certification PL324 | No objection, provided records are complete and certified | FRE 901 |
| P-41 | Bellevue Medical Records and Certification PL325-445 | No objection, provided records are complete and certified | FRE 901 |
| P-42 | NYPD PG No. Exposure of Members of the Service PL509-512 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 801 (hearsay exemption); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 607, 612, 613. |
| P-43 | Insurance Records PL535-1001 | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 703 (expert opinion bases); FRE 801 (hearsay exemption); FRE 802 (hearsay rule combined with other law, i.e., FRE 703); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 901; FRE 902 |
| PL-44 | O'Brien's Deposition Transcript | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 703 (expert opinion bases); FRE 801 (hearsay exemption); FRE 802 (hearsay rule combined with other law, i.e., FRE 703); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 901; FRE 902 |
| PL-45 | Jurgens's Deposition Transcript | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 703 (expert opinion bases); FRE 801 (hearsay exemption); FRE 802 (hearsay rule combined with other law, i.e., FRE 703); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 901; FRE 902 |
| PL-46 | Radosta's Deposition Transcript | FRE 402 (relevance); FRE 802 (hearsay); | Relevant; FRE 402; FRE 703 (expert opinion bases); FRE 801 |

| | | | |
|---|---|---|---|
| | | FRE 403 (fragment/unclear/confusing) | (hearsay exemption); FRE 802 (hearsay rule combined with other law, i.e., FRE 703); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 901; FRE 902 |
| PL-47 | Murray's Deposition Transcript | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing) | Relevant; FRE 402; FRE 703 (expert opinion bases); FRE 801 (hearsay exemption); FRE 802 (hearsay rule combined with other law, i.e., FRE 703); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 901; FRE 902 |
| PL-48 | Pugh's Expert Report | FRE 402 (relevance); FRE 802 (hearsay); FRE 403 (fragment/unclear/confusing). | Relevant; FRE 402; FRE 702; FRE 703 (expert opinion bases); FRE 704; FRE 705; FRE 801 (hearsay exemption); FRE 802 (hearsay rule combined with other law, i.e., FRE 703); FRE 803 (hearsay exception); FRE 403 (prejudice does not substantially outweigh probative value); FRE 901; FRE 902 |

**Defendants' List of Exhibits:**

| **Ex.** | **Description:** | **Objections:** | **Response** |
|---|---|---|---|
| D-1 | Accident Report (DEF 214 - 216) | No objection, provided records are complete and certified. | n/a |
| D-2 | Driver Group Search (DEF 38) | Objection briefed in Plaintiff's motions in limine | Relevant; for impeachment |
| D-3 | Bellevue Records (DEF 126-204) | No objection, provided records are complete and certified. | n/a |
| D-4 | Photographs of Plaintiff's Car (Pl. 1 - 3) | No objection. | n/a |
| D-5 | Plaintiff's Deposition Transcript | Plaintiff has no general objection to the record's proper use at trial as circumstances and the law permit, but would like to reserve his right to object to specific uses at trial to the | Relevant; for impeachment |

| | | | |
|---|---|---|---|
| | | extent that those run afoul of relevance, undue prejudice and/or hearsay limitations. | |

**XIII. Deposition Designations For Use In Case-In-Chief**

**Plaintiff's Designations**

Plaintiff has read the Court's Individual Rule 6.A.xiii. Insofar as Plaintiff does not expect to use the deposition testimony of any individual who is unable to appear at trial, Plaintiff does not herein submit any related deposition designations. However, in the event that it is later learned that a witness becomes unavailable, Plaintiff reserves the right to move to use deposition designations based upon those changed circumstances. Furthermore, Plaintiff reserves the right to use the deposition testimony of any Party or non-Party in any manner authorized by the FRE and the FRCP during the trial. These transcripts have accordingly been noticed below.

**Defendants' Designations**

Defendants do not anticipate relying on any deposition testimony in their case-in-chief, but reserve the right to utilize the deposition testimony of plaintiff Jose Velez in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure during the trial.

**XIV. Full Transcripts of Designated Depositions**

Not applicable. See Section XIII, supra.

**XV. Deposition Transcripts for Impeachment Purposes**

The following transcripts may be introduced for impeachment purposes, and therefore will be attached to the JPTO and submitted to the Court in a text-searchable format either on ECF or by email.

1. Deposition of Plaintiff, Jose Velez
2. Deposition of Defendant Michael O'Brien
3. Deposition of Defendant Paul Jurgens
4. Deposition of Officer James Murray
5. Deposition of Officer Michael Radosta

Ryan Lozar, Esq.
*Attorney for Plaintiff*
Law Office of Ryan Lozar
305 Broadway, 9th Floor
New York, NY 10007
Phone: (310) 867-1562
Email: ryanlozar@gmail.com

By: ___________/s/___________________
Ryan Lozar, Esq.
*Attorney for Plaintiff*

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants O'Brien and Jurgens*
100 Church Street
New York, New York 10007

By: __________/s/__________________
Matthew E. Stein
Assistant Corporation Counsel

SO ORDERED:

________________________________
HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
____________, 201___