UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X

JOSE VELEZ,

Plaintiff,

- against -

NYPD POLICE OFFICER MICHAEL O'BRIEN, Shield No. 22886 of the 9th Precinct, NYPD POLICE OFFICER PAUL JURGENS, Shield No. 23820, and JOHN DOE POLICE OFFICERS 1-5,

Defendants.

---------------------------------------------------------------------- X

**PARTIES' PROPOSED JURY INSTRUCTIONS**

15-CV-7441 (VEC)

Valerie E. Caproni, United States District Judge

The parties respectfully request, pursuant to Rule 51 of the Federal Rules of Civil Procedure, that the Court give the following instructions to the jury.[1]

---

[1] In addition, the Parties respectfully reserve the right to include additional substantive jury charges, if necessary, at the time of trial based upon the course of the proceedings. Defendants have not included a proposed charge on their qualified immunity defense, because they respectfully submit that the issue of qualified immunity is one for the Court to decide, not the jury. Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir. 2007); Stephenson v. Doe, 332 F.3d 68, 80-82 (2d Cir. 2003). Defendants respectfully request the opportunity to submit Special Interrogatories for the jury so that the jury can resolve any materials issues of fact that will allow the Court to decide whether Defendants are entitled to the defense of qualified immunity as a matter of law. See Id. Should the Court indicate that it intends to charge the jury on qualified immunity, Defendants respectfully reserve the right to provide a proposed qualified immunity charge at that time. From Plaintiff's perspective, a jury verdict finding Defendants liable for excessive force would not entitle them to the "extra layer of protection from the sometimes hazy border between excessive and acceptable force" given the nature of this case, which alleges that Defendants repeatedly punched the Plaintiff in the fact after he was handcuffed. Stephenson v. Doe, 332 F.3d 68, 77 (2d Cir. 2003). In other words, if the jury finds that the Plaintiff has shown by a preponderance of the evidence that the Defendants handcuffed him, then punched him in the face repeatedly as he was completely restrained and prone on the ground, it is difficult to think how it would not have been clear to a reasonable officer that this was unlawful. Id. (observing that qualified immunity does not protect those who knowingly violate the law) (citing Saucier v. Katz, 533 U.S. 194, 201-02 (2001)).

## PART I: GENERAL INSTRUCTIONS.

### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, even if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference when you begin your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

### Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence, you determine the credibility of the witnesses, you resolve such

conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. Nothing that the lawyers said in their opening statements, in their closing arguments, in their objections, or in their questions is evidence. Nor is anything I may have said evidence.

The evidence before you consists of just three things: The testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were read into evidence. Please remember that questions are never evidence; only answers are evidence. However, at times, during the course of this trial, counsel for the plaintiff and the defendants may have incorporated into their questions statements that they asked the witness to assume as true. If the witness denied the truth of these statements, and if no other evidence was introduced to prove the assumed fact was true, then you may not consider it to be true simply because it was contained in a lawyer's question. On the other hand, if the witness acknowledged the truth of the statement, you may, of course, consider the witness's answer as evidence that the statement is in fact true. Also, you may not consider any answer that I directed you to disregard or what I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also has the right and duty to ask the court to make rulings of law and to request conferences at

the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence or asked for a conference out of the hearing of the jury or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses. My rulings were no more than applications of the law, and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

**Duty of Impartiality**

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartially. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence. Your verdict will be determined by the conclusions you reach, no matter whom the verdict helps or hurts.

**Burden of Proof: Preponderance of the Evidence**

In order to prevail in a civil case, a party who is making a claim against another party has the burden of proving his claim by a "preponderance of the evidence." Here, the party that is making a claim is the plaintiff, Jose Velez.

In this civil trial, therefore, it is Plaintiff's burden to establish each and every element of his claim by a preponderance of the credible evidence. The "credible evidence"

means such testimony, exhibits, or other evidence that you find worthy of belief. To establish an element of a claim by a preponderance of credible evidence means to prove that that element is more likely true than not true. If Plaintiff fails to prove, by a preponderance of the evidence, any element of his claim, then you must find for Defendant on that claim.

What does a "preponderance of the evidence" mean? A preponderance of the evidence means the greater weight of the evidence, that is more than a 50% chance probability. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is in exact balance between the parties – that is, it is equally probable that one side is right as it is that the other side is right – or that the evidence produced by the party having the burden of proof is outweighed by evidence against his claim, then you must decide that issue against the party having the burden of proof, or the plaintiff in this case. That is because the party bearing the burden, in this case the plaintiff, must prove more than equality of evidence – he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of that party – that what he claims is more likely true than not true – then the element will have been proved by a preponderance of evidence.

**Direct and Circumstantial Evidence**

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence and you can consider either or both and can give them such weight as you conclude is warranted.

You are to consider all the evidence in the case, both direct and circumstantial, in determining what the facts are and in arriving at your verdict.

Direct evidence is evidence that proves a disputed fact directly. It does not require any other evidence. It does not require you to draw any inferences. A witness's testimony is direct evidence when the witness testifies to what he saw, heard, or felt. In other words, when a witness testified about what is known from his own personal knowledge by virtue of his own sense – what he sees, touched, or hears – that is direct evidence. The only question is whether you believe the witness's testimony. A document or physical object also may be direct evidence when it can prove a material fact by itself, without any other evidence or inference. You may, of course, have to determine the genuineness of the document or object.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but that the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, people began walking in with wet umbrellas and, soon after, others walked in with wet raincoats.

Now, on our assumed facts, you cannot look outside of the courtroom, and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other act.

**Inferences**

During the trial you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more proven facts, the existence of some other facts.

An inference is not a suspicion or a guess. It is a logical conclusion that a disputed fact exists that we reach in light of another fact that has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw — but not required to draw — from the facts that have been established by either direct or circumstantial evidence. In drawing inferences you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Keep in mind that the mere existence of an inference against the defendants does not relieve the plaintiff of the burden of establishing his case by a preponderance of the evidence.

In order for the plaintiff to obtain a verdict in his favor, you must still believe from the credible evidence that the plaintiff has sustained the burden cast upon him.[2]

**Witness Credibility**

It must be clear to you by now that the parties are asking you to draw very different conclusions in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright; or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct-examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause

[2] Plaintiff objects to this final paragraph. If a juror is permitted to draw inferences and, if the law makes no distinction between direct and circumstantial evidence, then this paragraph is confusing. If a juror may refer to her common sense, reason and experience to draw an inference from the evidence at trial, then the inference is not something that "merely exists" and which has no probative force.

him or her to shade the truth?  Does the witness have some bias, prejudice or hostility that may cause the witness – consciously or not – to give you something other than a completely accurate account of the facts he or she testified to?  However, an interested witness is not necessarily less credible than a disinterested witness.  The fact that a witness is interested in the outcome of the case does not mean that the witness has not told the truth.  It is for you to determine from the witness's demeanor on the stand and such other tests as your experience dictates whether or not the witness's testimony has been colored, intentionally or unintentionally, by the witness's interest.

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Finally, should you, in the course of your deliberations, conclude that any witness has intentionally testified falsely as to a material fact during the trial, you are at liberty to disregard all of his testimony on the principle that one who testifies falsely as to on material fact may also testify falsely as to other facts.  You are not required, however, in all circumstances, to consider such a witness as totally unworthy of belief.  You may accept so much of his testimony you believe to be true and reject only such part you conclude is false.

## PART II: THE LAW GOVERNING THE SPECIFIC CLAIMS

### PART II.A. Defendants' Proposed Jury Instructions Regarding the Claim of Excessive Force[3]

As I told you at the beginning of this trial, this is a civil rights case to determine whether any or both of the defendants are liable to the plaintiff for his claim that the defendants intentionally deprived him of his constitutional rights by causing Plaintiff's injuries in the vicinity of East 11th Street and Avenue C on September 22, 2012. More specifically, Plaintiff alleges that the defendants deprived him of his right to be free from the intentional use of excessive force during the course of his arrest. Defendants deny that they used excessive force, and that any force used was reasonable.

Plaintiff claims that he suffered serious physical and psychological injuries. If you find that any of the defendants are liable to the plaintiff for any of his claims, you must then consider the issue of damages. Thus, I will first explain the law upon which Plaintiff's claims are based, and then I will explain how you are to calculate damages, if any.

To prevail, the plaintiff must establish, by a preponderance of the evidence, the following two elements[4]:

> First, that in so acting, the defendants deprived Plaintiff of his constitutional rights; and

---

[3] The Parties could not reach reasonable agreement as to proposed jury instructions as to Part II of this document. Insofar as the Parties' disagreement is largely structural, the clearest way for us to express our respective positions is to present Defendants' proposed Part II as Part II.A. of this document, and Plaintiff's proposed Part II as Part II.B. However, the Court will find that the content of Part II.A. and Part II.B. frequently overlap.

In terms of any one Party specifically objecting to an adversary's proposed content—in other words, an objection that goes beyond structural concerns that motivated the submission of two proposed versions of Part II, that Party will footnote the objection in their adversary's presentation.

[4] It is not disputed that defendants were acting under color of state law.

> Second, that the defendants' acts were the proximate or legal cause of the injuries and consequent damages alleged by Plaintiff.

I shall now examine these two elements in greater detail.

**FIRST ELEMENT: DEPRIVATION OF A CONSTITUTIONAL RIGHT[5]**

First, plaintiff must prove by a preponderance of the evidence that defendants deprived him of rights protected by the United States Constitution. In order for him to establish this element, Plaintiff must establish the following by a preponderance of the evidence: first, that the defendant you have under consideration committed the acts alleged by the plaintiff, and did so intentionally or recklessly; and second, that those acts caused the plaintiff to suffer the loss of a constitutional right.

**A. Whether the Defendants Committed the Acts Alleged Intentionally or Recklessly**

You must first determine whether the defendants committed the acts as alleged by the plaintiff. The law imposes liability only upon a defendant who "subjects, or causes to be subjected" any person to the deprivation of any federal right. A defendant may not be held liable merely because he holds a supervisory position or a position of high authority.[6] Thus, in order for

---

[5] Plaintiff objects to the structure of the Defendants' proposed Part II, which Plaintiff found confusing in terms of its handling of the chronology of charge elements and instructions. Plaintiff's proposed Part II, see Part II.B., infra, tracks jury instructions submitted in Ragusa v. City of N.Y., No. 12 Civ. 7294 (VEC) (SN). Rather than discuss the Parties' different approaches, and Plaintiff's views of their respective merits and demerits, the Plaintiff respectfully asks that the Court consider his submission.

[6] Plaintiff objects to this paragraph's lengthy discussion of standards that apply to a theory of supervisory liability. Plaintiff acknowledges, and his proposed instructions give great attention to, the requirement that the jury assess claims as to each Defendant individually. Plaintiff argues that this is the proper approach to this deliberation requirement, particularly in a case involving failure-to-intervene claims. In other words, telling the jury that they must assess the failure-to-intervene claims individually respects each Defendant's right to be treated separately; in contrast, telling the jury that they must find each Defendant "personally involved" somewhat contradicts what a failure-to-intervene claim is, i.e., a refusal to get personally involved despite a

the plaintiff to prevail on his claims, there must be some evidence of personal involvement by the defendants. Under the law, a defendant is considered to have been personally involved in a constitutional violation if the defendant in question directly participated in the alleged wrongful acts. Therefore, you must first make a determination of personal involvement by each defendant for the constitutional violations alleged by the plaintiff. If you find that a defendant was not personally involved in the deprivation of the plaintiff's constitutional rights, then you must find for that defendant on that alleged violation. If, however, you find that a defendant was personally involved in the deprivation of the plaintiff's constitutional rights, then you must go on to determine whether the plaintiff has proven the other elements of his claims regarding the deprivation of his constitutional rights against that defendant. Although there are two defendants in this case, each defendant is entitled to fair, separate, and individual consideration without regard to your decision as to the other defendants.

With regard to intent, it is not necessary to find that defendants had any specific intent to deprive plaintiff of his constitutional rights in order to find in favor of plaintiff. Plaintiff need only prove that the defendants intended the actions which resulted in the violation of plaintiff's rights, or that they acted recklessly in that regard. An act is done intentionally if the actor knows he or she is doing it—that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or some other innocent reason. An act is done with reckless disregard if it is done with conscious disregard of its known probable consequences. If you find that the acts of the defendants were merely negligent, then even if you find that the plaintiff was injured as a result of those acts, you must return a verdict in favor of the defendants.

---

corresponding constitutional obligation. This is confusing and would prejudice Plaintiff's failure to intervene claims needlessly.

## B. Loss of a Constitutional Right

Second, if you determine that a defendant committed the acts as alleged by the plaintiff, and did so intentionally or recklessly, you must determine whether those acts caused the plaintiff to suffer the loss of a federal right.

### 1. Excessive Force

Plaintiff alleges that the defendant violated his Fourth Amendment rights by using excessive force. Defendants dispute plaintiff's version of events, and contend that their actions were justified, reasonable under the circumstances, and in accordance with the existing law.

The Fourth Amendment protects persons from being subjected to excessive force while being arrested. In other words, a law enforcement official may only employ the amount of force necessary under the circumstances.

In order to find for plaintiff on this claim, you must find three (3) things: First, that he suffered a physical injury; second, that the injury suffered was proximately caused by the intentional actions or conduct of the defendants as alleged by plaintiff, and no one else, directed at the plaintiff; and third, that the amount of force used was in excess of what a reasonable officer would have used under similar circumstances.

Even if you find that there was some forcible contact between the plaintiff and the defendant, that mere fact would not be sufficient by itself to demonstrate that the defendant violated the plaintiff's constitutional rights.[7] In fact, in restraining an individual or taking an

[7] See Graham v. Connor, 490 U.S. 386, 396 (1989); Saucier v. Katz, 533 U.S. 194, 208 (2001); see also instructions given by Hon. Judge Robert P. Patterson in Butler v. Kibel, et al., 10 CV 7974 (S.D.N.Y. – delivered on February 17, 2012).

individual into custody, a police officer is not constitutionally required to be courteous.[8] That means that "evil intentions" will not be considered excessive force if the force that was used was reasonable.[9] In other words, a police officer's good intentions will not make an excessive use of force permissible, and his bad intentions will not make a reasonable use of force excessive.[10]

Every person has the right not to be subjected to unreasonable or excessive force by a law enforcement officer. On the other hand, an officer has the right to use such force as is necessary under a given set of circumstances.[11] You must determine: 1) whether there was any force used against the plaintiff; 2) if there was force used against the plaintiff, whether the force was used by the defendant; and 3) if the defendant used force against the plaintiff, whether the force was unnecessary, unreasonable, or excessively violent. Force is unnecessary,

---

[8] Plaintiff's proposed Part II, see Part II.B., infra, includes instructions designed to guide jurors with respect to the reasonably-objective-officer standard that guides their excessive-force deliberations. Plaintiff objects to this Defense paragraph because it tends to confuse the aforementioned reasonably-objective-officer standard by delving too deeply into good intention-bad intention hypotheticals when the proposed instructions at this moment have not yet even discussed objective reasonableness in full. I found this confusing, and imagine a jury might as well. If the Court is inclined to permit some aspect of this instruction, Plaintiff asks that it be made shorter and that the instruction not be made through nebulous references to officers' internal intentions. But, at bottom, Plaintiff believes that a thorough instruction regarding the objective reasonableness standard will be clear enough without the instructions also having to explain at such length what the standard is not.

[9] See Graham, 490 U.S. at 397; Anderson v. Branen, 17 F.3d 552, 559 (2d Cir. 1994); Kash v. Honey, 38 Fed. Appx. 73, 76 (2d Cir. 2002).

[10] Adapted from the instructions given by Hon. Brian M. Cogan in Ivan Kimbrough v. Detective John R. Nixon, *et al.*, 10 CV 1088 (E.D.N.Y.); see also instructions given by Hon. Judge Andrew L. Carter in Thomas v. City of New York, *et al.*, 09 CV 3162 (S.D.N.Y. – delivered on July 5, 2012).

[11] Although Plaintiff understands Defendants' intended point, Plaintiff objects to characterizing an officer as having a "right" to use force. As an alternative, Plaintiff's proposed Part II acknowledges that an officer's work is difficult, requires split-second decision-making and, depending on the circumstances, often involves the legitimate use of physical restraint or coercion during an arrest.

unreasonable or excessively violent if the officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have applied under the same circumstances.[12]

Now the Constitution must not be trivialized, as the use of force is not uncommon or unusual in the course of restraining an individual.[13] Not every push or shove by a police officer constitutes excessive force, even if it may later seem unnecessary in the peace and quiet of this courtroom.[14] Minor scrapes, bumps or bruises potentially could occur, often unintended, during any arrest or stop and frisk, and an officer cannot be held liable for every such incident.[15]

You must allow for the fact that police officers are forced to work in circumstances that are tense, uncertain and rapidly evolving. They must make split-second judgments about their actions and about the amount of force that is necessary in a particular

---

[12] Adapted from the instructions given by Hon. Judge Donald E. Walter in Rocky Williams v. City of New York, et al., 01 CV 4146 (E.D.N.Y. – delivered on June 4, 2004).

[13] This paragraph and the next both address the same topic, and the same themes are repeated. Plaintiff's proposed instructions incorporates a bit of both of these Defense paragraphs to address the subject. Plaintiff contends that this suffices to address Defendants' concerns without tipping the subject toward the prejudicial. In addition, Plaintiff objects to certain language in these two paragraphs as improper for jury instructions because they are misleading and thus prejudicial. For example, Plaintiff objects to the "minor scrapes, bumps or bruises" sentence, which suggests that de minimis injury precludes a jury finding regarding officer intent and/or precludes an excessive force claim in cases with so-called "minor" injuries. In fact, even these kinds of injuries may support an excessive force claim. The point is that because the reasonableness assessment depends so heavily on surrounding circumstances, a reductive statement about officer liability in the context of minor injuries is prejudicial here.

[14] Graham, 490 U.S. at 396

[15] Adapted from the instructions given by Hon. Judge Barbara S. Jones in Pope v. Buttner, 10 CV 4118 (S.D.N.Y. – delivered on March 7, 2012); and instructions given by Hon. Judge Andrew J. Peck in Tsesarskaya v. City of New York, et al., 11 CV 4897 (S.D.N.Y. – delivered on June 13, 2012).

situation.[16]  The question is only whether the officer's actions are objectively reasonable in light of all the facts and circumstances confronting him.[17]  In this regard, you are not to decide if the least amount of force was used but rather you are only to decide if the force that was used, if any, was reasonable.[18]

Because police officers are often forced to make split second judgments about the amount of force that is necessary in a given situation, the "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.[19]  You are not to consider the officer's underlying intent or motivation.[20]  I also instruct you that negligence does not violate the Fourth Amendment.[21] Therefore, you should not consider whether or not the police officer may have negligently or

---

[16] Taken from the instructions given by the Hon. Judge Tucker L. Melancon in Fryar v. Zhen, et al., 10 CV 5879 (E.D.N.Y. – delivered on September 21, 2011).

[17] Plaintiff objects to the extent that Defendants' proposed Part IIA does not elaborate upon some of the factors that may form part of the surrounding circumstances, and respectfully requests that the Court consider including some of these factors—i.e., severity of crime, risk of flight, etc.—as set forth in Plaintiff's Proposed Part IIB, infra.

[18] Taken from the instructions given by Your Honor in Gilliard v. Kibel, et al., 10 CV 5247 (E.D.N.Y. – delivered on January 5, 2012); see also instructions given by Hon. Judge Frederic Block in Stanczyk v. City of New York, et al., 11 CV 249 (E.D.N.Y. – delivered on March 19, 2013).

[19] See instructions given by the Hon. Judge J. Paul Oetken in Choi v. Murdocco, 10 CV 6617 (S.D.N.Y. – delivered on November 13, 2012).

[20] Graham, 490 U.S. at 396.

[21] Here, Defendants' Proposed Part II somewhat suddenly re-states a few flatly put instructions that have already been given.  Plaintiff objects.  Their sudden repetition out of context like provides no added value.  At the same time, the abrupt and blunt repetition that the Court "instruct[s] you that negligence does not violate the Fourth Amendment" is somewhat suggestive and, Plaintiff argues, prejudicial.

carelessly created an otherwise objectively reasonable need to use force.[22] Plaintiff must show that an officer acted intentionally in using excessive force.

Defendants deny that they subjected the plaintiff to excessive force. Therefore, you must first determine whether the plaintiff has proven by a preponderance of the evidence that the acts as alleged by him took place. If your answers are no, then your deliberations are over and you must bring back a verdict for the defendants on this claim. If your answers are yes, then in determining whether the acts of the defendants caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used was that which a reasonable officer would have employed under similar circumstances.[23]

**SECOND ELEMENT: PROXIMATE CAUSE**

Second, plaintiff must prove by a preponderance of the evidence is that the defendants' acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between a defendant's acts or omissions and an injury or damage sustained by the plaintiff.

A proximate cause need not always be the only cause either in time or space. There may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.

---

[22] See Daniels v. William Sylvesters, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986); Coakley v. Jaffe, 2000 U.S. App. LEXIS 26073, at *2 (2d Cir. 2000); Solana v. New York City Dep't of Corr., 2012 U.S. Dist. LEXIS 161252, at *7 (E.D.N.Y. 2012) (ARR).

[23] Plaintiff objects to this paragraph in its entirety. Insofar as the instructions seek to guide the jury's understanding of Plaintiff's burden of proof as they commence deliberations, it does not add any value to restate "Defendants deny everything." Furthermore, insofar as the jury will be provided with a very clear verdict sheet explaining how their verdict manifests, following up the needless re-statement of Defendants' denial with an equally needless statement about how to enter a verdict in their favor is doubly prejudicial.

Put another way, a defendant is not liable if the plaintiff's injuries were caused by conduct independent of the defendant's acts or omissions or if such conduct produced a result which was not reasonably foreseeable to the defendant.[24]

If you find that Plaintiff has established by a preponderance of the evidence that any of the defendants deprived him of a constitutional right—that is, that the force used was excessive—and if you find that such an act was the proximate cause of Plaintiff's injuries, then you must find for Plaintiff as to that defendant. Conversely, if you find that any defendant did not deprive Plaintiff of a constitutional right, or that the acts of a particular defendant were not the proximate cause of Plaintiff's injuries, then you must find for that defendant.

## PART II.B.1 Plaintiff's Proposed Jury Instructions Regarding the Plaintiff's Excessive Force Claims [25][26]

As I told you at the beginning of this trial, this is a civil rights case to determine whether any or both of the defendants are liable to the plaintiff for his claim that the defendants intentionally deprived him of his constitutional rights by causing Plaintiff's injuries in the vicinity of East 11th Street and Avenue C on September 22, 2012. More specifically, Plaintiff alleges that the defendants deprived him of his right to be free from the use of excessive force

---

[24] Taken together, Plaintiff contends that this sentence and the next paragraph don't cleanly clarify the "multiple factors" scenario that Defendants raise. Plaintiff thus objects, and respectfully suggests an instruction acknowledging that a finding that a Defendant's excessive force proximately caused even some of Plaintiff's injuries would satisfy this element.

[25] Defendants object to plaintiff's jury instructions regarding the specific claims at issue, and refer the Court to Defendants proposed instructions in Part II.A, *supra*.

[26] Again, this is Plaintiff's Proposed Part II. It is presented as Part II.B.1. and Part II.B.2. because these respective sections address Plaintiff's excessive force and failure-to-intervene claims, respectively. The Court will experience some déjà vu in reading Plaintiff's Proposed Part II, because Plaintiff has made an attempt to include Defendants' verbiage whenever possible to narrow controversy.

during the course of his arrest. Defendants deny that they used excessive force, and that any force used was reasonable.

Plaintiff claims that he suffered serious physical and psychological injuries. If you find that any of the defendants are liable to the plaintiff for any of his claims, you must then consider the issue of damages. Thus, I will first explain the law upon which Plaintiff's claims are based, and then I will explain how you are to calculate damages, if any.

To prevail against a Defendant on a particular claim, and you must treat the Defendants individually, the plaintiff must establish, by a preponderance of the evidence, the following two elements[27]:

> First, that a Defendant deprived Plaintiff of his constitutional rights; and
>
> Second, that a Defendant's acts were the proximate or legal cause of the injuries and consequent damages alleged by Plaintiff.

I shall now examine these two elements in greater detail.

**ELEMENT ONE: THE DEPRIVATION OF A CONSTITUTIONAL RIGHT**

The first element that Plaintiff must prove by a preponderance of the evidence to establish an excessive force claim is that a Defendant deprived him of a constitutional right. To do this, the Plaintiff must show the following three elements[28]:

> First, Plaintiff must show that a Defendant committed an act or acts alleged by Plaintiff;
>
> Second, Plaintiff must show that the alleged act or acts caused Plaintiff to suffer the loss of a constitutional right; and

---

[27] It is not disputed that defendants were acting under color of state law.

[28] It is not disputed that defendants were acting under color of state law.

Third, Plaintiff must show that in performing the act or acts alleged a Defendant acted intentionally or recklessly.[29]

I shall now examine these three factors to a deprivation of a constitutional right in greater detail.

**Factor One: ACT OR ACTS OF DEFENDANT**

The determination of whether a Defendant committed an act or acts as alleged by Plaintiff is a function of your role as fact finders. As I explained earlier, it is your duty to consider all of the elements, assess the credibility of the witnesses and determine the facts.

If you determine that a Defendant committed an act or acts as alleged by Plaintiff, you must next determine whether that act caused the Plaintiff to suffer the loss of a constitutional right. I'll now explain Plaintiff's claims in more detail.

**Factor Two: ALLEGED ACT OR ACTS CAUSED THE PLAINTIFF TO SUFFER A LOSS OF A CONSTITUTIONAL RIGHT**

The Fourth Amendment protects persons from being subjected to excessive force while being arrested. Your deliberations as to whether excessive force occurred in this case turn on whether the amount of force a Defendant used against Plaintiff, if you find that a Defendant used force, was that which a reasonable officer would have employed in effecting the arrest under similar circumstances.

While it is true that the right of an officer to make an arrest carries with it the right to use some degree of physical restraint or coercion, in determining whether the force used to effect a particular arrest is reasonable under the Fourth Amendment, you must balance "the nature and quality of an intrusion on an individual's Fourth Amendment interests" against the countervailing concerns at stake. This requires careful attention to the facts and circumstances of an arrest, for example,

[29] Taken from jury instructions proposed for the Section 1983 trial before Your Honor in Ragusa v. City of NY, No. 12 Civ. 7294 (VEC) (SN).

- The severity of the crime for which Plaintiff was arrested;
- Whether Plaintiff posed a threat to the officers or others; or
- Whether Plaintiff was actively resisting arrest or attempting to evade arrest by flight.[30]

Your consideration of these factors must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.[31] Not every push or shove by a police officer constitutes excessive force, even if it may later seem unnecessary in the peace and quiet of this courtroom.[32]

After considering all of the circumstances under which the force was used, you may find that force is unnecessary, unreasonable or excessively violent if the officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have applied under the same circumstances.[33]

You must determine, based on the standards that I have just described, whether each Defendant individually violated Plaintiff's rights protected by the Fourth Amendment.

**Factor Three: INTENT**

Earlier, I mentioned that Plaintiff must prove by a preponderance of the evidence whether, in performing an alleged act or acts, a Defendant acted intentionally or recklessly.

An act is intentional if it is done knowingly—that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason. An act is reckless if done in conscious disregard of its known probable consequences.

---

[30] Saucier v. Katz, 533 U.S. 194 (2001); Graham v. Connor, 490 U.S. 386 (1989).

[31] Graham v. Connor, 490 U.S. 386 (1989).

[32] Graham, 490 U.S. at 396

[33] Adapted from the instructions given by Hon. Judge Donald E. Walter in Rocky Williams v. City of New York, et al., 01 CV 4146 (E.D.N.Y. – delivered on June 4, 2004).

In determining whether a Defendant acted with the requisite intention or recklessness, you should remember that while witnesses may see and hear and so be able to give testimony of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you may have to draw inferences based on the facts presented and your belief or disbelief with respect to those facts.

**ELEMENT TWO:  PROXIMATE CAUSE**

The second element that Plaintiff must prove by a preponderance of the evidence to make out an excessive force claim against a Defendant is that the Defendant's alleged acts were a proximate cause of the injuries that Plaintiff sustained.  Proximate cause means that there must be a sufficient causal connection between a Defendant's acts or omissions and an injury or damage sustained by the plaintiff.

A proximate cause need not always be the only cause either in time or space. There may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.

Put another way, the significance of the probable cause element is that if you find that Plaintiff's injuries were entirely caused by something other than a Defendant's acts or omissions, then the Plaintiff has not shown that a Defendant is liable for excessive force. However, if you find that Plaintiff has established by a preponderance of the evidence that a Defendant deprived him of a constitutional right—that is, that the Defendant used force upon the Plaintiff that was excessive—and if you find that such an act was the proximate cause of some or all of Plaintiff's injuries, then you must find for Plaintiff as to that Defendant.

**PART II.B.2. Plaintiff's Proposed Jury Instructions Regarding the Plaintiff's Claims Relating to Failure to Intervene to Prevent Excessive Force**[34] [35]

---

[34] Defendants object to trying plaintiff's failure to intervene claim, as it cannot co-exist with his excessive force claim. See Morgan v. County of Nassau, 720 F. Supp. 2d 229, 240 (E.D.N.Y. July 1, 2010) (holding that the plaintiff could not sustain a claim for failure to intervene in light of the fact that the defendant himself was alleged to have used, rather than observed, excessive force). Should the Court determine that both claims will be tried, Defendants reserve their right to supplement the jury instructions with an instruction for the claim of failure to intervene.

[35] Plaintiff vigorously objects to Defendants' sudden argument that, on this record, Plaintiff's excessive force claims against each Defendant cannot proceed with his failure-to-intervene claims against each Defendant. As a preliminary matter, Defendants told the Court that they did not wish to make a summary judgment motion in this case. Yet now, as trial approaches, Defendants seek to make a summary judgment motion against Plaintiff in the context of Proposed Jury Instructions. In the event that the Court will consider Defendants' summary judgment motion, the Plaintiff respectfully requests a formal briefing schedule. Otherwise, Defendants are asking the Court to take their representations regarding the record as a matter of faith and on scant argument.

Although Plaintiff finds the procedural moment of Defendants' fliply raised summary judgment motion to be improper, I will briefly address why, in any event, Defendants' argument about the failure to intervene claims is incorrect.

First, Defendants' citation to Morgan v. County of Nassau, 720 F. Supp. 2d 229, 240 (E.D.N.Y. July 1, 2010), is incomplete. Morgan's conclusion that the plaintiff's failure to intervene claim against a defendant could not continue when the plaintiff had also pleaded an excessive force claim against that defendant was premised on the fact that the plaintiff had alleged no facts suggesting that either defendant had observed the other defendant use force upon the plaintiff. Id. at 240. Here, by contrast, the record would permit a reasonable jury to conclude that both Defendants used force and, in different moments, failed to intervene.

Second, O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988), is inapposite because in O'Neill the court found as a matter of law that the use of force occurred so quickly, the defendant did not have a reasonable opportunity to intervene to prevent it. Here, there is a genuine issue of material fact as to whether there was a reasonable opportunity to intervene to prevent the force. Plaintiff testified that Defendants punched him over and over and again—he estimated that the number of punched approached ten. As a result, a jury could credit Plaintiff's allegation that a Defendant had ample opportunity to stop the other from at least some of the blows. Furthermore, Defendants had a reasonable opportunity to intervene to prevent a second instance of force when Plaintiff, whom they were jointly escorting at the time, was intentionally steered away from the ambulance and intentionally slammed into the hood/windshield of his vehicle.

In addition to excessive force claims against each Individual Defendant, Plaintiff has brought a failure-to-intervene claim against each Individual Defendant, alleging that the Defendant failed to intervene to prevent another from using force upon Plaintiff during his September 22, 2012, arrest.

With respect to Plaintiff's failure-to-intervene claims against each Individual Defendant, to show that Plaintiff has shown that a Defendant's failure to intervene to prevent excessive force from being used upon him violated his constitutional rights, you must first consider whether the Plaintiff has shown by a preponderance of the evidence that excessive force was used against him. In this regard, Plaintiff's failure to intervene claim against a Defendant contemplates that someone else used excessive force against Plaintiff.

Although the Plaintiff's failure to intervene claim against a Defendant does not ask you to conclude that that Defendant himself used excessive force against Plaintiff, it does require that you find that (1) that Defendant knew, or deliberately ignored, the fact that such force was going to be, or was being, used; (2) the Defendant had a realistic opportunity to intervene so as to prevent or stop the use of that excessive force; and (3) the Defendant did not take reasonable steps to intervene.[36]

---

[36] DePonceau v. Murray, 2014 WL 2510637, at *3 (N.D.N.Y. June 4, 2014); Henry v. Dinelle, 2011 WL 5975027, at *4 (N.D.N.Y. Nov. 29, 2011); Jean-Laurent v. Wilkinson, 540 F. Supp.2d 501, 512 (S.D.N.Y. 2008). It should be noted that the failure to intervene jury instruction does not require a separate proximate causation instruction because (1) the claim already includes a finding of excessive force, which itself requires a proximate cause finding, and (2) the claim's "realistic opportunity to intervene" element addresses the causal connection between the failure to intervene, the excessive force, and the injury. See O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988) (arguing that because co-defendants' force upon an arrestee were in "such rapid succession" that [the failure-to-intervene defendant] had no realistic opportunity" to attempt to prevent it, such that a jury could not "reasonably conclude that [the failure-to-intervene defendant's] failure to intercede was a proximate cause of the beating').

In the event that you find that Plaintiff has proven the four above-mentioned elements of a failure to intervene claim as to a Defendant, in order to find that Defendant

> Second, that a Defendant's acts were the proximate or legal cause of the injuries and consequent damages alleged by Plaintiff.

## PART III: THE LAW GOVERNING DAMAGES

### I. General Instructions

If you find that the Plaintiff has proved liability against a Defendant relative to one or more of Plaintiff's claims by a preponderance of the evidence, you must then decide if the Plaintiff is entitled to any damages as to that Defendant.

You will only deliberate on the subject of damages in the event that you find a Defendant liable to Plaintiff with respect to one of his claims. The fact that I am giving you instructions on damages does not mean that you must reach the issue. Nor does it mean that I have any opinion about liability in this case.

It is for you alone to decide whether the defendants are liable to the plaintiff. I will now explain to you the law concerning the different types of damages.

Should you decide that the Plaintiff has proved a claim against a Defendant by a preponderance of the evidence, as to that claim you must consider awarding three types of damages: compensatory damages, nominal damages and punitive damages.

### II. Compensatory Damages[37]

If you find for the plaintiff on the issue of liability on any claim or claims, then you may award him compensatory damages. Compensatory damages are meant to fairly and

[37] Unless otherwise cited, all paragraphs in this section, entitled "Compensatory Damages", were adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.1 (2005 Supplement).

justly compensate a plaintiff for any injury you believe he actually sustained as a direct consequence of a defendant's conduct.

The purpose of compensatory damages is to make the Plaintiff whole—that is, to compensate the Plaintiff for the injuries that he has proven by a preponderance of the credible evidence.

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered as a direct result of conduct by the defendant you have found liable, or that the plaintiff is reasonably likely to suffer in the future.

If you determine that a Defendant deprived the Plaintiff of a constitutional right, and you determine that the deprivation resulted in some injury to Plaintiff that was proximately caused by Defendants, the Plaintiff is entitled to an award of compensatory damages for his actual injuries. See Kerman v. City of N.Y., 374 F.3d 93, 125-26 (2d Cir. 2004). A plaintiff is entitled to compensatory damages for his actual physical injuries, including pain and suffering caused by the injuries, and/or emotional distress that he has suffered because of the defendants' conduct.

I cannot give you a yardstick by which to measure the dollar value of any of plaintiff's injuries. You may also award damages to the plaintiff to compensate him for expenses he has paid, including for out-of-pocket medical expenses and repairs to his property. Furthermore, Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of his rights at

issue here. You may, however, compensate the plaintiff to the extent that you find that he was further injured by defendants' violations of his rights.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. In sum, your award of compensatory damages must not be based on speculation or sympathy, but must be based on the evidence presented at trial, and only on that evidence

### III. Nominal Damages[38]

If you return a verdict in the plaintiff's favor on any his claims but find that the plaintiff failed to meet his burden of proving, by a preponderance of the credible evidence, that he suffered any actual injuries, then you must return an award of damages in some nominal or token amount, not to exceed the sum of one dollar.[39] Nominal damages are the law's way of

---

[38] MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.03.1 (2005 Supplement).

[39] Plaintiff objects to any nominal damages instruction, just as Plaintiff objected to the inclusion of a nominal damages section on the verdict sheet also submitted to the Court today. In Atkins v. City of N.Y., 143 F.3d 100 (2d Cir. 1998), the Second Circuit vacated a Section 1983 jury's verdict finding liability on an excessive force claim because, on such facts, the jury was required to determine compensatory damages as a matter of law, but instead awarded nominal damages. See Zellner v. Summerlin, 494 F.3d 344, 378 (2d Cir. 2007) (stating that in Atkins, the Court ruled that "where the jury has found a constitutional violation and there is no genuine dispute that the violation resulted in some injury, the plaintiff is entitled as a matter of law to an award of compensatory damages").

Atkins observed that if a jury finds a defendant liable under Section 1983 for excessive force that proximately caused injuries that the jury found the plaintiff to have actually suffered, then as a matter of law, the plaintiff is entitled to compensatory, not nominal, damages. See id. at 103 (stressing that the proximate cause finding connecting the tort to an actual injury is what makes this so); see also Wheatley v. Beetar, 637 F.2d 863, 867 (2d Cir. 1980) (finding that where a plaintiff has been subjected to excessive force, compensable injury would normally follow). The Parties' Proposed Instructions direct the jury to find excessive force, injury, and causal connection between the two. Thus, if the jury, after following those instructions, finds a Defendant liable, Atkins says that compensatory damages are required.

recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.

Nominal damages may be awarded when the plaintiff has been deprived of a constitutional right but has suffered no actual damages as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Smith v. Wade, 461 U.S. 30, 52-56 (1983). Therefore, if you find that the plaintiff has suffered no injury as a result of a defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

**IV. Damages: Multiple Claims**

Plaintiff is entitled to only one recovery, if at all, sufficient to reasonably compensate him for his injuries.[40] I therefore instruct you that if you find that plaintiff has prevailed on more than one claim, you may not award additional compensatory damages for the same injury. You should award an amount of compensatory damages equal to the total damages you believe will fairly and justly compensate plaintiff for the separate injuries he suffered. But you should not compensate plaintiff for the same injury twice simply because you find a defendant liable for multiple claims.

---

[40] Plaintiff objects to this paragraph due to its phrasing and needless repetition of the same point. Plaintiff has no objection to a simpler instruction, such as "Because you must assess multiple claims in your deliberations, I instruct you that, in the event that you find that the Plaintiff has prevailed on more than one claim, you may not award additional compensatory damages for the same injury twice."

## V.    Punitive Damages[41]

Plaintiff also seeks punitive damages in this case.  If Plaintiff has proven by a preponderance of the evidence that a Defendant is liable, then you may, but you are not required, to determine whether the Plaintiff is entitled to punitive damages.

In order to be entitled to punitive damages, you must find that the plaintiff has clearly established that the acts of the defendant(s) causing the proven injury were wanton or showed a callous or reckless disregard for the rights of others. The purpose of punitive damages is to punish shocking conduct and to set an example to deter others from the commission of similar offenses in the future.

However, punitive damages are not awarded as a matter of right but are awarded only if you find that plaintiff has clearly proven that the defendants acted so outrageously and evidenced such a degree of malice or callousness that an example and deterrent needs to be provided to assure that the defendants and others will be less likely to engage in such conduct in the future.

If you do decide to award punitive damages, the amount of punitive damages should be reasonable and should be proportionate only to the need to punish and deter.  Smith v. Wade, 461 U.S. 30, 52-56 (1983).

## VI.    Taxes and Attorneys' Fees

If you do make an award of damages, such an award is not subject to federal or state income taxes and you should not consider such taxes in determining the amount of damages or increase the award for taxes.[42]

---

[41] Defendants do not agree that the jury should be charged on punitive damages.

Also, you should not concern yourselves with what a plaintiff would have to pay his attorneys for fees or expenses in deciding damages. Federal law provides for a separate award of attorneys' fees should the plaintiff prevail in this case. The award of attorneys' fees in such circumstances is a matter to be determined by the Court.[43]

---

[42] Plaintiff objects to the taxes instruction. In the event that the jury returns a punitive damages award, it would be taxable. See O'Gilvie v. U.S., 519 U.S. 79 (1996) (holding that punitive damages in tort suit for personal injuries were not excluded from taxable gross income).

[43] This is Defendants' proposed instruction. Plaintiff objects. Plaintiff will only agree to the attorneys' fee instruction if Defendants stipulate to three things. As Plaintiff discusses these three proposed instructions in turn, Plaintiff will explain to the Court the collective bases for Plaintiff's objection.

First, Plaintiff objects to this instruction unless Defendants contract with Plaintiff before trial that they will pay Plaintiff's reasonable attorney's fees and costs in the event of a jury verdict awarding only nominal damages of one dollar. Plaintiff is not, of course, necessarily or even typically entitled to such an award under Section 1988 under such circumstances. Thus, Defendants' proposal that the jury be led to believe that Plaintiff has no legal fee concerns under any damages scenario is misleading.

Second, Plaintiff vigorously objects to this instruction unless Defendants stipulate to a jury instruction that the Defendants' counsel are City Attorneys and that the City is bearing their legal fees. That jury instruction would be the natural companion to the one that Defendants seek about Plaintiff's attorney's fees, i.e., the instruction would assure that the jury did not render their damages award based on a mistaken sympathy for out of pocket expenses that a Party has incurred, but which the Party has not in fact incurred. As the Court may recall, Defendants have specifically asked the Court to shield from the jury any mention of this prejudicial information about who is paying their legal bills. In other words, it is surprising that Defendants argue that it would be unfair for the jury to know that their legal services have been gifted to them, while Defendants argue that fairness requires that Plaintiff's legal services have been gifted to him. Plaintiff thinks that Defendants' innovative ideas to assure just jury deliberations should apply to all Parties or none of them.

Finally, Plaintiff objects to this instruction unless Defendants stipulate to a jury instruction acknowledging that the municipality may indemnify them for any verdict against them. This is what Defendants have requested in their motions in limine and, once again, Defendants are being wildly inconsistent. When it comes to Plaintiff's potential out-of-pocket legal expenses, Defendants claim that justice actually requires the Court to tell the jury—albeit incompletely—about Section 1988, lest the jury unduly inflate a damages award for Plaintiff.

Incredibly, at the same time, Defendants argue that justice requires the Court to hide the potential impact of the litigation on the Individual Defendants' personal finances, arguing in effect for a

## PART V. CONCLUDING INSTRUCTIONS

### Selection of Foreperson; Right to See Exhibits and Hear Testimony: Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court. During the course of your deliberations, the foreperson's opinion will have no greater weight than any other juror.

You will be bringing with you into the jury room a copy of my instructions of law. I will shortly send you a verdict form on which to record your verdict. Once the verdict form has been completed, you must give it to the foreperson to sign and date. If you want to see any of the exhibits, please send me a note requesting the exhibits you'd like to review.

If you want any of the testimony, that can also be provided, either in transcript or read-back form. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

During the course of the trial you may have taken notes. While you may refer to these notes, they shall not take precedence over what is in the trial transcripts: if there is a difference or discrepancy between your notes and the trial transcripts, the trial transcript must be viewed as the accurate recitation of the testimony.

---

landscape in which the jury might imagine an Individual Defendant's financial straits—even where there are none—and deflate any damages award out of sympathy.

In summary, Plaintiff's ultimate point is that Defendants are equally willing to suppress or exploit this kind of information depending on the way the wind is blowing for them, and Plaintiff respectfully asks the Court to treat such issues in like manner for all Parties.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

**Verdict; Need for Unanimity; Duty to Consult**

You should not, however, tell me or anyone else how the jury stands on any issue until you reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors. That is the very purpose of jury deliberation: to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion that, after discussion with your fellow jurors, no longer persuades you.

In short, the verdict must reflect each juror's conscientious determination and it must also be unanimous.

I thank you and the parties thank you for your time and attentiveness.