UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JOSE VELEZ,

                                                Plaintiff,

- against -

NYPD POLICE OFFICER MICHAEL O'BRIEN, Shield No. 22886 of the 9th Precinct, NYPD POLICE OFFICER PAUL JURGENS, Shield No. 23820, and JOHN DOE POLICE OFFICERS 1-5,

                                               Defendants.

------------------------------------------------------------------------x

**PROPOSED VOIR DIRE, STATEMENT OF CASE, AND LIST OF PERSONS, ENTITIES AND LOCATIONS**

15-cv-7441 (VEC)

Pursuant to Rule 47 of the Federal Rules of Civil Procedure, defendants submit the following proposed questions for *voir dire*, a statement of the case, and a list of persons, entities, and locations that the party expects to be mentioned during the trial.

## Statement of the Case:

### Plaintiff's Version:

Plaintiff Jose Velez brings this lawsuit against Defendants Michael O'Brien and Paul Jurgens. On September 22, 2012, Defendants Michael O'Brien and Paul Jurgens, who work for the NYPD, arrested Plaintiff Jose Velez in connection with an accident that occurred while Plaintiff Jose Velez was driving near the corner of East 11th Street and Avenue C in Manhattan. Plaintiff Jose Velez claims that, after his arrest, Defendant Michael O'Brien and Defendant Paul Jurgens used excessive force upon him, and failed to intervene to prevent the use of excessive force upon him. Defendants Michael O'Brien and Paul Jurgens deny the use of excessive force.

**Defendants' Version:**

Plaintiff Jose Velez brings this lawsuit against Detective Michael O'Brien and Sergeant Paul Jurgens. Plaintiff was arrested on September 22, 2017 for driving under the influence and resisting arrest. Plaintiff does not contest the validity of his arrest. Plaintiff claims that after his arrest, he was subjected to excessive force by Detective O'Brien and Sergeant Jurgens. Detective O'Brien and Sergeant Jurgens deny the use of excessive force.

**Proposed Voir Dire:**

1. Have you, or has any member of your family, or have any of your friends ever worked for a New York City Agency or other City Agency such as the police department, fire department, or sanitation department? If so, what positions were held and when?
2. Have you or anyone in your family ever held a job in law enforcement? If so, please describe.
    a. Would anything that happened during that employment prevent you from sitting impartially on this panel?
    b. If you've had a family member or friend work for law enforcement, has that person ever discussed her/his work with you?
    c. Is there anything about your connection to that person which might make it difficult for you to be fair and impartial in this case?
    d. Do you think that your connection to law enforcement would make you tend to favor or disfavor the testimony of the defendant offices in this case?
3. Does/did your job cause you to work with any law enforcement office or agency?
    a. Which law enforcement office or agency?
    b. What type of interaction did you have with the law enforcement office or agency?

c. Was it a positive experience or was it negative? If it was negative, do you think you could separate your feelings about your prior contact with law enforcement and not hold it against the defendant detective here?

4. Have you ever served in the military?

   a. Which branch?

   b. What rank did you hold?

   c. What duties did you have?

   d. Were you ever in the military police?

5. What is your perception of the New York City Police Department and its officers? Have you or a member of your family or household or any close friend ever had any interaction with the New York City Police Department, or any other police department? If so, give details, for example: being arrested, traffic stop, stopped and questioned, reporting a crime, convicted of a crime, etc. [Can be explained outside the presence of the other prospective jurors.] What was your impression of the police officers following the interaction?[1]

6. Do you have any bias against police officers, the NYPD, or any other law enforcement agency? If so, please explain. [Can be explained outside the presence of the other prospective jurors.

7. For anyone who answered in the affirmative to working for, or having a family member or friend working for, the NYPD or other law enforcement department, do you feel that you would tend to favor the testimony of a police officer just by virtue of the fact that he or she is employed as a police officer?

---

[1] Plaintiff objects to the open-ended question, which may easily invite uncontrolled responses which, when heard by all jurors in the pool, may have content prejudicial to either side.

8. Are you influenced by how police officers are portrayed in the media? If yes, how?[2]

9. Have you or a family member or close friend ever made a complaint about a law enforcement officer or City employee? [Can be explained outside the presence of the other prospective jurors.]

10. Have you or has any member of your family or any close friend ever been arrested by a member of the New York City Department? [Can be explained outside the presence of the other prospective jurors.]

11. Have you or has any member of your family or any close friend ever been detained in a jail, prison, or other correctional facility? [If so, describe outside the presence of the other potential jurors.]

12. Have you or has any member of your family or any close friend ever been the victim of a crime? Did you report it to the police? Which police department did your report it to? What was the result? What is your opinion of the officers you dealt with? Was it a positive or negative experience?

13. Have you, your family members, or friends participated in any protests or demonstrations? Any protests demonstrations involving the police?

14. Have you, a family member, or friend, ever been subjected to any type of force by police officers? If so, can you please describe what happened? [Can be explained outside the presence of the other prospective jurors.]

15. Are you aware of other civil cases involving police officers, especially as they relate to police stops, arrests, or the alleged use of force by police? If so, would your knowledge

---

[2] Plaintiff objects to the open-ended question. We already know that the answer to this question for all people is yes, and so the question does nothing more than to ask individuals to riff as to what extent the answer is yes, which again creates a relatively uncontrolled situation for a potential juror to make a prejudicial remark in front of the entire jury pool.

or understanding of those cases impact on your ability to consider the evidence presented in this case with an open mind and to deliberate without bias or sympathy for the plaintiff?

16. Plaintiff is claiming that the defendants in this case subjected him to excessive force. Do any of you believe that simply because plaintiff might have been injured during his arrest, that excessive force must have been used?[3]

17. Please name a famous person, living or dead, who you admire and why.[4]

18. Is there anything which has not been asked which you would want to tell the Court about and which may be a factor in your ability to be fair and impartial in this case? You may speak to me and counsel privately if you wish.

19. Does anyone have a background in the law (for example, courses, work for a firm or attorney, work for a judge or in a courthouse, work as a lawyer, have immediate family or close personal friends who are lawyers)? For anyone that raised their hand, would you be able to put out of your mind anything that you have learned about the law and follow the Court's instructions on law in this case?

20. Is anyone a doctor, nurse, physician's assistant, physical therapist, speech therapist, therapist, counselor, psychiatrist or psychologist? If yes, would you be able to put your education, training and experience out of your mind and listen fairly and impartially to the evidence offered, and base your decision solely on the evidence offered?

---

[3] Plaintiff objects to this question. The jurors will be instructed as to this area of the law. Asking a group of non-lawyers to draw a categorical legal conclusion about which they have not been instructed is not relevant.

[4] Plaintiff objects. This open-ended question is not likely to elicit information useful to the Parties in for-cause or peremptory strikes.

21. Do you, your immediate family, or a member of your household or a close personal friend work for a doctor, nurse, physician's assistant? Is there anything that experience or relationship which would make it difficult for you to be fair and impartial in this case?

**Persons, Entities, and Locations that may be Mentioned During Trial:**

1. Jose Velez
2. Detective Michael O'Brien
3. Sergeant Paul Jurgens
4. Johanna Lopez Ramos
5. Esteban Molina
6. Percy Bond
7. Donald Hans
8. Jared Levy
9. Jonathan Leonard
10. David Bett
11. Annie Bett
12. Hsueh Chen
13. Police Officer Jose Diaz
14. James Pugh
15. Ali Sadegh
16. Police Officer James Murray
17. Police Officer Michael Radosta
18. The vicinity of 11th Street between Avenue B and Avenue C, Manhattan, NY

Dated: New York, New York
May 19, 2017

| | |
|---|---|
| Ryan Lozar, Esq.<br>*Attorney for Plaintiff*<br>Law Office of Ryan Lozar<br>305 Broadway, 9th Floor<br>New York, NY 10007<br>Phone: (310) 867-1562<br>Email: ryanlozar@gmail.com | ZACHARY W. CARTER<br>Corporation Counsel of the<br>  City of New York<br>*Attorney for Defendants O'Brien and Jurgens*<br>100 Church Street<br>New York, New York 10007 |
| By: _____/s/_____<br>    Ryan Lozar, Esq.<br>    *Attorney for Plaintiff* | By: _____/s/_____<br>    Matthew E. Stein<br>    Assistant Corporation Counsel |