USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/16/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
JOSE VELEZ,                                              :
                                                         :
                       Plaintiff,                        :
                                                         :
         -against-                                       :      15-CV-7441 (VEC)
                                                         :
NYPD POLICE OFFICER MICHAEL O'BRIEN,                     :      ORDER
Shield No. 22886 of the 9th Precinct; NYPD               :
POLICE OFFICER PAUL JURGENS, Shield No.                  :
23820; and JOHN DOE POLICE OFFICERS 1-5,                 :
                                                         :
                       Defendants.                       :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

On November 7, 2017, a jury returned a verdict in favor of the Defendants. Dkt. 81. On December 7, 2017, Defendants filed a bill of costs to recover $1,688.81[1] in expenses arising out of the litigation of this case. Dkt. 82. Plaintiff opposes the Defendants' motion. Dkt. 85. Plaintiff argues that certain expenses were improperly included in the Bill of Costs, Dkt. 87 at 6-7, and that his limited financial means make taxation of costs inequitable, Dkt. 87 at 8-9.

"Where an unsuccessful litigant appeals the Clerk of Court's award of costs, the district court reviews the award de novo." *Karmel v. City of New York*, No. 00-CV-9063 (KMK), 2008 WL 216929, at *1 (S.D.N.Y. Jan. 9, 2008). Costs are awarded presumptively, and it is therefore the burden of the party opposing the bill of costs to show that costs should not be taxed. *See Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001). Ultimately, whether to award costs is in the district court's discretion, and the Court may set aside an award if the Court believes it to be inequitable. *See McDonnell v. Am. Leduc Petroleums, Ltd.*, 456 F.2d 1170, 1188 (2d Cir. 1972);

---

[1] While both parties describe the amount of costs as $1,668.81, the actual amount indicated by the Bill of Costs is $1,688.81. Dkt. 82-3. This typographical error is immaterial to the Court's ruling.

*see also DLC Mgmt. Corp. v. Town of Hyde Park*, 45 F. Supp. 2d 314, 315 (S.D.N.Y. 1999). Among other reasons, the court may set aside costs on account of "misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Whitfield*, 241 F.3d at 270.

Plaintiff makes no allegation of misconduct by the prevailing party, and the Court finds none. This case is not of public importance (although safeguarding the civil rights of all arrestees is an important public goal), and it presented no legal issues of particular difficulty.

On the other hand, given Plaintiff's very limited financial means it would be inequitable to impose costs which amount to more than double his annual income by any measure. An inmate at New York State's Marcy Correctional Facility, Plaintiff is assigned a work detail, which pays $12 every two weeks[2] when he is able to complete it. Dkt. 93-1 ¶ 4. Assuming he is able to work every week, Plaintiff's maximum annual income is approximately $312. Plaintiff has no other source of income, and no significant assets. Dkt. 93-1 ¶¶ 9-10.[3]

In response, Defendants argue that a non-prevailing party's limited financial resources do not require the court to set aside a bill of costs. That is a correct statement of the law, but Plaintiff's indigency is a sufficient basis for the Court to exercise its equitable discretion. *See, e.g.*, *Whitfield*, 241 F.3d at 270 ("[A] district court may deny costs on account of a losing party's indigency [although] indigency *per se* does not automatically preclude an award of costs.").

Defendants also object to reliance on Plaintiff's unsupported statement of his finances. Dkt. 94 at 3. Documentary evidence of indigency may be required when the record provides a

---

[2] The Court's understanding of Plaintiff's income is based on his own affirmation. *See* Dkt. 93. According to Plaintiff's counsel, Plaintiff's biweekly salary is approximately $3.50 and his yearly salary is approximately $83.50. For purposes of this order, the Court has used Plaintiff's own estimate. Plaintiff's counsel conceded that Plaintiff's first-hand knowledge is superior. Dkt. 86 ¶ 6.

[3] Plaintiff's conditional release date is currently August 2022. Dkt. 93-1 ¶ 8.

basis to doubt a claim of limited financial means. *Cf. Nazaire v. Kingsbrook Jewish Med. Ctr.*, No. 04 CV 1415 (JG), 2006 WL 2946331, at *2 (E.D.N.Y. Oct. 11, 2006) (requiring documentary proof of plaintiff's financial circumstances because the plaintiff made statements that contradicted his claim of indigency). There is nothing in the record of this case to lead the Court to doubt Plaintiff's description of his financial circumstances. While there are conflicting reports of Plaintiff's exact income, the court has used the estimate least favorable to Plaintiff (and most likely to be accurate, given that it is based on first-hand knowledge). Dkt. 86 ¶ 6. Furthermore, common sense suggests that an incarcerated person such as Plaintiff will have limited resources.[4] Because the limitations on Plaintiff's finances are significant, the Court will reduce the Bill of Costs. The Court finds that it would be inequitable to require Plaintiff to pay the cost of videoconferencing his deposition while incarcerated ($735) and the cost of the Radosta/Murray transcripts ($354.41). There remains $599.40 in costs to be taxed against Plaintiff. $599.40 represents an appropriate award of costs, in light of Plaintiff's limited means.

Accordingly, Plaintiff's motion to set aside the bill of costs is GRANTED IN PART AND DENIED IN PART. The Clerk of the Court is directed to enter a revised bill of costs, which includes only the costs of transcription and the docket fee, totaling $599.40. The Clerk of Court is also directed to close the open motion at docket entry 85.

**SO ORDERED.**

**Date: July 16, 2018**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

---

[4] Plaintiff's other arguments are unavailing or need not be addressed by the Court. Plaintiff argues that the hardship of preparing for trial while imprisoned should factor into the Court's analysis. Dkt. 87 at 10. There is no support for this proposition. Plaintiff also argues that $372.89 of the Bill of Costs is on account of additional copies of transcripts, and transcripts of depositions which Plaintiff claims were not used at trial, and which are not recoverable as costs. Dkt. 87 at 6-7. The Court need not address this argument because it has set aside this line item as a matter of equitable discretion.